CASEY *v*. TROUT.

Opinion delivered October 12, 1914.

1. IMPROVEMENT DISTRICTS—MATERIALS OF PROPERTY OWNER—COMPENSATION—LIMITATIONS.—Kirby's Digest, § 5685, limiting the time for the correction of assessments made against property in an improvement district, has no reference to the provisions of Kirby's Digest, § 5689, which provides the manner in which a property owner may be allowed compensation for an improvement made by himself and used by the board of commissioners in constructing the general improvement.

2. IMPROVEMENT DISTRICTS—MATERIALS OF PROPERTY OWNER—COMPENSA-
TION.—A property owner is entitled under Kirby's Digest, § 5689,
to compensation from the district for curbing belonging to him
and used by the district in the construction of the work of the
district.

3. IMPROVEMENT DISTRICTS—MATERIALS OF PROPERTY OWNER—SET-OFF.—
A property owner must ask for an allowance as against an improve-
ment district which uses his property in the construction in order
to be entitled to the benefit of Kirby's Digest, § 5689, but if he does
ask such an allowance, and the same is refused, he may present his
claim as a set-off to a suit to collect his assessment, if done in
apt time.

4. IMPROVEMENT DISTRICTS—ALLOWANCE TO PROPERTY OWNER.—Where,
upon proper application, an allowance is made under Kirby's Di-
gest, § 5689, to a property owner for materials belonging to him
and used in the improvement, the certificate issued to the land
owner may be used in the payment of the tax for the improvement
against said property.

5. IMPROVEMENT DISTRICTS—USE OF MATERIALS OF LAND OWNER—COMPEN-
SATION—HOW OBTAINED.—Where the board of improvement refuses
to allow a property owner's claim for compensation for the use of
materials of the latter in the construction of the improvement, the
property owner's remedy is to present his claim as a defense to an
action brought against him by the board to enforce collection of the
assessment made on his property.

6. LACHES—DOCTRINE OF.—Laches, in its legal significance is not mere
delay, but delay that works disadvantage to another.

7. IMPROVEMENT DISTRICTS—COMPENSATION TO LAND OWNER—LACHES.—
The lapse of a period of four years before the exercise of the claim
of a land owner against an improvement district, for materials be-
longing to him and used by the district, will not be held to bar
the land owner's claim by reason of laches.

8. IMPROVEMENT DISTRICTS—COMPENSATION TO PROPERTY OWNER—REMEDY.
—A property owner with a valid claim against an improvement
district for the use of materials belonging to the land owner, may
set off his claim against any payment of the assessment against
his property for the improvement for any year.

Appeal from Pulaski Chancery Court; *Jno. E. Mar-
tineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This action was brought by appellants as Board of
Improvement for Street Improvement No. 136, of the
City of Little Rock, against Jacob Trout, *et al.,* to collect

an improvement district assessment on certain real estate.

Appellees defended on the ground that in making the improvement the board of improvement had taken and used certain curbing belonging to appellee Trout, and that he was entitled to pay therefor. The amount claimed is presented as a set-off against the assessment sued on.

The case was heard and determined on an agreed statement of facts substantially as follows: The appellee Trout, prior to the organization of the improvement district, had set a curbing in front of his lot. When the improvement was made the curbing was taken up and reset in front of his lot. Appellee met some of the members of the board on the street and demanded an allowance for his curbing. He did not make out and file with the board a claim therefor. The board of improvement declined to make any allowance for the value of the curbing, and so notified appellee.

Appellee paid the annual assessments on his property in the district for the years 1908, 1909, 1910, 1911 and 1913, but failed to pay the assessment for the year 1912. The assessment for that year is the subject-matter of this suit.

The chancellor allowed the claim of appellee for the curbing as a set-off to the amount of the assessment. To reverse the decree, this appeal has been prosecuted.

*Carmichael, Brooks, Powers & Rector,* for appellant.

The appellees having failed to begin legal proceedings within thirty days after publication of the assessment for the purpose of correcting or invalidating the assessment was forever barred and precluded. Kirby's Digest, § 5685; 86 Ark. 1; 90 Ark. 39; 84 Ark. 257; 67 Ark. 30; 69 Ark. 68; 81 Ark. 86; 95 Ark. 575.

By making the numerous payments, the appellees assented to the legality of the assessment, and is now estopped. 55 Ark. 148; Hamilton on Special Assessments, § 728; 81 Ark. 284; 112 La. 806; 61 Minn. 542; 40 Minn. 5; 91 N. Y. S. 533 (101 App. Div. 550).

The appellees have not pursued the method pointed out by the statute for obtaining the benefit of set-off. 84 Ark. 269; 54 Ark. 224; 50 Ark. 385.

The remedy for appellees was by mandamus. Kirby's Digest, § 5739.

*Ben D. Brickhouse,* for appellee.

The act does not contemplate a suit to obtain the benefit of set-off. Kirby's Dig., § 5689.

Appellee is not barred from claiming his set-off. The statute gave him a set-off against the assessment, and this would be so until all the assessments had been paid. 118 Pac. 391; 120 Pac. 840.

It was not necessary to invoke the remedy of mandamus. This was a just demand against the district, and this is a particular instance where claims may be set off against taxes. The court properly allowed the set-off under the maxim, equity regards that as done which ought to have been done. 97 Ark. 217.

HART, J., (after stating the facts). It is contended by counsel for appellant that the claim of appellees for the value of the curbing is barred by the statute of limitations. To sustain their contention they rely on section 5685 of Kirby's Digest, which reads as follows: "Within thirty days after the passage of the ordinance mentioned above, the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time; and all persons who shall fail, to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded."

The claim of appellees for the set-off is based on section 5689 of Kirby's Digest, which reads as follows: "If, in the construction of sidewalks or making other improvement, any owner of taxable property in the district shall be found to have improved his own property in such manner that his improvement may be profitably made a part of the general improvement of the kind in the district being also as good as that required by the system determined upon by said board, the board of improvement shall

appraise the value of the improvement made by the owner, and shall allow its value as a set-off against the assessment against his property. And in case the owner who has made such improvements shall be found to have failed to come up to the required standard, the board may allow him the value of the materials thereof, so far as the same may be profitably used in perfecting the system aforesaid, as a set-off against the assessment against his property thus improved. In such cases the board shall issue to the owner a certificate showing the amount of set-off allowed, which certificate shall be received by the collector in lieu of money for the amount named therein charged against said property.''

(1-2)  It is manifest that section 5685 has no reference to the provisions of section 5689. Section 5685 provides a limitation for the purpose of correcting or invalidating assessments made against the property. Section 5689 has no reference to the action of the assessors. It provides the manner in which a property owner may be allowed compensation for an improvement made by himself which has been used by the board of commissioners in constructing the general improvement. At the time the assessment is made on his property, the property owner could not know whether or not the board of improvement would use in the construction of the general improvement an improvement which had already been made by him. That is, in the present case, appellee could not know at the time the assessment on his property was made whether or not the board of commissioners would use his curbing in constructing the general improvement in the district. He could not know this fact until after the board had determined whether or not it would use it. After he ascertained that the board did use the curbing which he had placed in front of his lot, he demanded of the board of improvement that it should allow him the value of his curbing. It is true that he did not make this demand of the board while it was in session, but he did make it to one or more members of the board, and the agreed statement of facts shows that the board

declined to make any allowance to him for the value of his curbing, and so notified him. Thus it will be seen that appellee Trout did all that he could do to secure the allowance. It would have been useless for him to file a written application for such an allowance after the members of the board had refused to make it, and it is a maxim, of almost universal application, that the law does not require a vain and useless thing to be done.

(3) In this respect the instant case differs from *Board of Improvement District No. 5 v. Offenhauser,* 84 Ark. 257. Here the claimant asked the board to make an allowance for his curbing. In that case, the claimant did. not ask the board to make him an allowance, and the court said he was not entitled to a set-off because he did not pursue the method pointed out by the statute. In other words, if the claimant does not ask for an allowance as required by the statute, he is not entitled to it, but if he · does ask the board for an allowance, and it is refused, he may present his claim as a set-off to a suit to collect his assessment if done in apt time.

(4) It is true that the latter part of section 5689 provides that the board shall issue to the owner a certificate showing the amount of the set-off allowed, which certificate shall be received by the collector in lieu of money for the amount named therein charged against said property. This is done for the convenience of the property owner and under the statute he can present it to the collector in payment of the taxes assessed against him just as county and State warrants may be used in the payment of taxes assessed by the county and State, respectively.

It does not follow, however, that because the board of commissioners refused to make the allowance that the property owner is deprived of the use of his claim as a set-off against the assessment sought to be enforced against his property. Such holding would leave him entirely without a remedy in case the board of commissioners refused to make him an allowance.

It is insisted by counsel for appellant that appellee's remedy to compel the board of improvement to make the

allowance would have been by mandamus. We do not agree with them in that contention. Mandamus would have been the proper remedy, perhaps, to compel the commissioners to act on his claim, but not to control their action on it.

(5)   In the instant case, the board of commissioners did act on his claim and refused to allow it. Appellee then could present his claim in an action brought against him by the board to enforce collection of the assessment made on his property.

(6)   Again, it is contended by counsel for appellant that appellee is barred by laches. "Laches, in legal significance, is not mere delay, but delay that works disadvantage to another. So long as parties are in the same condition, it matters little whether he presses a right promptly or slowly within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has in good faith become so changed that he can not be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from the loss of evidence, change of title, intervention of equities, and other causes; but when a court sees negligence on one side, and injury therefrom on the other, it is a ground for denial of relief." 5 Pomeroy, Eq. Jur. (3 ed.), section 21.

This quotation from Mr. Pomeroy was approved by this court in the case of *Tatum* v. *Arkansas Lumber Co.,* 103 Ark. 251. The doctrine had also already been defined in substantially the same language in the case of *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296.

(7)   Appellee Trout paid the assessments for the years 1908, 1909, 1910 and 1911, but refused to pay the assessment for the year 1912, and this suit was instituted for the purpose of collecting that assessment. A period of only four years had elapsed, and there is nothing in the record to show that the condition of the parties had been changed in the slightest degree during these four

years. No disadvantage had come to appellants from the loss of evidence, change of title, intervention of equity, or from any other cause.

(8) There is nothing in section 5689 from which it may be inferred that the set-off should have been used against the first assessment sought to be enforced against the property owner. In fact, but one assessment of benefits is made against the property, but the payment thereof may be divided into a series of years. The assessment is still one assessment. Therefore, had the certificate been allowed by the members of the board, it could have been used in the payment of the assessment for any year.

As we have already seen, the board refused to allow the claim of appellee and we do not think he has been guilty of any conduct that would be the ground of a denial of the relief asked by him. As said by Mr. Pomeroy, laches, in legal significance, is not mere delay, but is that delay which works disadvantage to another.

It follows that the decree will be affirmed.

