## CITY OF LEWISTOWN, APPELLANT, *v.* WARREN, RESPONDENT.

(No. 3,652.)

(Submitted March 30, 1916. Decided May 8, 1916.)

[157 Pac. 954.]

*Cities and Towns—Special Improvement Districts—Estoppel—*
*Payment of Installment of Tax—Prejudice.*

Special Improvement Districts—Creation—Estoppel by Joining in Petition.
  1.  Where an owner joined in a petition for the creation of a special
  improvement district, and thereafter in creating it a large part of the
  property described therein was excluded by the city council, the peti-
  tioner was not estopped to subsequently attack the validity of its crea-
  tion by the fact that he joined in the petition.

Same—Estoppel—Payment of Installment of Tax.
  2.  To estop a taxpayer from attacking the validity of the creation of
  a special improvement district by payment of an installment of the tax,
  the payment must have been voluntarily made.

  [As to taxpayers' actions, see note in Ann. Cas. 1913C, 898.]

Same—Estoppel—Payment of Installment of Tax—Prejudice.
  3.  Defendant city could not have been prejudiced by the payment of
  an installment of a special improvement tax, which, being invalid, it
  was not entitled to collect, and was therefore not in position to claim
  an estoppel.

*Appeal from District Court, Fergus County; Roy E. Ayers,*
*Judge.*

ACTION by the City of Lewistown against Jennie W. Warren.
Judgment for defendant and plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. I. B. Kirkland,* for Appellant.

*Mr. O. W. Belden,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The facts in this case are substantially the same as in cause
No. 3650, *City of Lewistown* v. *Warr, ante,* p. 353, 157 Pac.
953. The defendant owns lot 7 in block 15 of Stafford Ad-

dition, and her property is excluded from the proposed improvement district by the description contained in the resolution of intention.

But counsel for the city insists that defendant is estopped to contest the legality of the city's proceedings because: (a) She petitioned for the creation of the district; and (b) she paid the first installment of the tax without protest.

(a) By reference the petition is made a part of the complaint. [1] It discloses that this defendant did join in the petition for the creation of a special improvement district to include all of the property mentioned in the petition. In creating the district, however, the city excluded a very considerable portion of the property, and cannot now be heard to say that the defendant should be estopped by her conduct. She may have been desirous that a district be created with a large area and a correspondingly low tax, and justly opposed to the creation of a district with a less area and a higher tax. (2 Page & Jones on Taxation by Assessment, sec. 1013.)

(b) The complaint does not allege that defendant paid the [2] first installment, though that might be inferred from the allegation that she did not pay the second or third installment; but even if such an inference might be drawn, the complaint is barren of any suggestion that such payment was made voluntarily. [3] However, the city could not be misled to its prejudice by the payment to it of one installment of a tax to which it was not entitled, and there is therefore no element of estoppel presented upon this phase of the case.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.