Ellis v. N. M. Const. Co. 27 N. M. 312

[No. 2603.   July 21, 1921.]

## ELLIS et al. v. NEW MEXICO CONST. CO. et al.

[On Motion for Rehearing, Oct. 25, 1921.]

### SYLLABUS BY THE COURT.

1.   Section 3662, Code 1915, being chapter 39 of the Laws of 1884, was repealed by implication by chapter 42 of the Laws of 1903.                                        P. 315.

2.   There are in New Mexico two distinct and independent laws upon the subject of paving in municipalities, and procedure followed by a municipality under either of them is valid; these laws being the Provisional Order Law of 1903 (sections 3665 to 3671, inclusive, Code 1915), and the Petition Law, being sections 3672 to 3683, inclusive, Code 1915.
P. 315.

3.   Where a municpality adopts a charter pursuant to chapter 86 of the Session Laws of 1917, and such charter is silent on the subject of paving city streets and levying special assessment therefor, the state law on municipalities governs.
P. 321.

4.   The purpose of the notice required under the provisional order law (chapter 152, Laws 1919) is to afford the property owner opportunity to urge objection as to paving or the extent or character of paving, and the cost thereof; but this is a right merely to be heard, and the doing of the work, the character and the extent thereof, rest entirely in the discretion of the governing body of the municipality.
P. 322

5.   In the absence of a charge of fraud or collusion between the city and the successful bidder, or of a showing of injury to the abutting property owner because of the acceptance of the bid, complaint as to the terms set forth in the advertisement for bids, in that they operate to exclude all but the successful bidder, will not be considered by the court; it being presumed that the city performed its duty and accepted the lowest bid; the manner of performing such duty not being subject to inquiry by the court.           P. 323.

6.   A municipal corporation's authority to pave streets does not imply power to burden owners of abutting property with the expense thereof by special assessment, but such power is derived from express statutory enactment, which must be carefully followed.                         P. 314.

7.   Burdening owners of property abutting street with a special paving assessment, as a matter of constitutional right assertable by such owners, need not be preceded by a peti-

tion of a majority or any number of them, nor by opportunity for effectual objection; conformity to the statute being sufficient. P. 314.

8. Laws 1919, c. 152, § 3, permits assessment for street paving to be made upon the front-foot rule, and where so done in conformity to statute, it is valid and not subject to the objection that it is assessed in excess of benefits. P. 322.

9. A statute is repealed by implication where the legislative intent is manifest that the later statute should supersede the former, as where the Legislature enacts a new and comprehensive body of law which is so inconsistent with and repugnant to the former' law on the same subject as to be irreconcilable with it, and especially where the later act expressly notices the former in such a way as to indicate an intention to abrogate. P. 318.

Appeal from District Court, Bernalillo County; Bratton, Judge.

Suit by George E. Ellis and others against the New Mexico Construction Company and City of Albuquerque to enjoin road construction work and to remove cloud on title arising from special assessment lien. Judgment dismissing the complaint, and plaintiffs appeal: Affirmed.

George C. Taylor, of Albuquerque, for appellants.

W. A. Keleher and Reid, Hervey & Iden, all of Albuquerque, for appellees.

## OPINION OF THE COURT.

RYAN, District Judge. The city of Albuquerque, a municipal corporation, reorganized pursuant to chapter 86, Laws 1917, entered into a contract on the 2d of October, 1920, with the defendant herein, the New Mexico Construction Company, for the construction of about 12 blocks of bitulithic pavement on Tijeras road in said city. Thereafter the defendant construction company proceeding with such work, the plaintiffs, owners of property abutting on Tijeras road, filed suit in equity to enjoin the work and to remove the cloud on title arising from the special assessment lien.

The invalidity of the proceedings on the part of the city effectuating in the contract as made out in the complaint of the plaintiffs, lies in this: (1) The owners of property abutting the street to be paved, against whom the expense of paving by way of special assessment was assessed, did not, nor did a majority or any number of them, petition the municipal government for such improvement, such petition being a necessary prerequisite and jurisdictional to the validity of subsequent proceedings; (2) the city of Albuquerque having adopted a charter as provided by chapter 86, Laws 1917, and the charter being silent as to paving streets and levying assessments therefor against the owners of abutting property, there is absent any authority under and pursuant to which such work could be done and cost assessed; (3) that no legal notice was given the abutting property owners, and such hearing provided for upon the notice actually given furnished merely opportunity for objection, the objection being ineffectual against the contrary decision of the municipal government; (4) that the contract was let to the defendant construction company without an opportunity for the submission of bids, and upon such terms that none but the successful bidder, the New Mexico Construction Company, could have proposed and performed.

There are other grounds urged in the complaint going to the invalidity of the proceedings, but such grounds are not impressive enough to deserve consideration here.

To the plaintiff's complaint both defendants joined in interposing a demurrer which the trial court sustained, and, the plaintiffs refusing to plead further, final judgment was entered dismissing the complaint.

[6, 7]    The first point raised, that is the absence of a petition on the part of abutting property owners of the street to be paved, is exhibited more

clearly by stating and deciding two preliminary propositions with which it is involved: First. A municipal corporation, though empowered, as under our laws, with authority to pave streets, has not by reason thereof implied power to burden the owners of property abutting the street to be paved, with the expense of such improvement by special assessment, but the power so to do is derived from express statutory enactment which must be carefully followed. Town of Albuquerque v. Charles Zeiger, 5 N. M. 674, 27 Pac. 315; Town of Roswell v. Dominice, 9 N. M. 624, 58 Pac. 342. Second. The burdening of the owners of property abutting the street to be paved with a special assessment to defray the cost, as a matter of constitutional right assertable by such owners, need not be preceded by a petition of a majority or any number of such owners, nor by opportunity for effectual objection, but conformity to the statute on the subject is sufficient. 2 Page and Jones, Taxation by Assessment, 1347; City of Perry v. Davis & Younger, 18 Okl. 427, 90 Pac. 865; Spalding v. City and County of Denver, 33 Colo. 172, 80 Pac. 126; Parsons v. District of Columbia, 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943.

[1, 2] We proceed to ascertain, therefore, whether the allegations in the complaint of the plaintiffs, admitted to be true by the demurrer, that the contract for construction of pavement was entered into without being preceded by the petition referred to, was fatal to the validity of the special assessment, in that the statute controlling required such petition. Plaintiffs' complaint assails the proceedings taken as offending against this essential by three allegations, each of which goes to the failure on the part of the city to follow the requirement of specific statutes on the subject; that is: First. That the proceedings omitted to conform to section 3662, Code 1915:

"No street or highway shall be opened, straightened, or widened, nor shall any other improvements be made which

316    SUPREME COURT OF NEW MEXICO,

Ellis v. N. M. Const. Co. 27 N. M. 312

will require proceedings to condemn private property, without the concurrence in the ordinance or resolution directing the same, of two-thirds of the whole number of the members elected to the council or board of trustees, and the concurrence of a like majority shall be required to direct any improvement or repair of a street or highway, the cost of which is to be assessed upon the owners, unless two-thirds of the owners to be charged therefor shall petition in writing for the same."

Second. That the proceedings omitted to conform to the provisions of chapter 157, Laws 1919:

"Whenever the owners of more than one-half of the front feet of property abutting upon any highway, or portion thereof, proposed to be improved in any city, exclusive of any property owned by the United States, or by the state, shall petition in writing, the governing body thereof, to order the improvement of such highway, or part thereof, within a district described in such petition or petitions, the governing body of such city shall have the power to order such improvement and select the material and methods therefor, and contract for the construction of such improvements in the name of the city, and to provide for the payment of the cost thereof out of any available funds of the city, or as otherwise provided by law; provided, that whenever any proposed improvement herein contemplated shall be on a highway or portion thereof, upon which abuts property belonging to any county, school district or city, the respective boards or bodies having control of such county, school district or city property, may cause a petition to be signed for such improvement."

Third. That the proceedings omitted to conform to the provisions of section 3672, Code 1915:

"Every incorporated city shall have power, upon presentation of a petition or petitions in writing, and subject to the limitations hereinafter provided in the following eleven sections, to improve any street, avenue, alley, highway, public place or square, or any portion thereof within its limits, by filling, grading, raising, paving or repaving the same in a permanent manner, or by the construction or reconstruction of sidewalks, curbs and gutters, or by widening, narrowing or straightening the same, and to construct the necessary appurtenances thereto, including sewers and drains."

Section 3662, Code 1915, is the statutory enactment of the territorial Legislature of 1884. As a

statutory provision it exhausted the law in force in the territory on the authority vested in municipalities to pave streets and defray the cost by special assessment. This law is entirely inhibitive and negative in character, laying down a prerequisite jurisdictional to subsequent acts, but affording no positive detailed procedure to be followed in the event the conditions demanded were met. It, in effect, by omitting to charter the manner by which paving might be legally done, prevents paving in municipalities by special assessment. In 1891 (chapter 43, Laws 1891) the territorial Legislature, apparently mindful of the frailty of the 1884 law, enacted new legislation competent, at least, to the object in view. Section 3 of this act reiterates the inhibition contained in the Law of 1884 referred to by specifically pointing out that the procedure in paving streets must conform to such act.

"That the levying of assessments provided for by the two preceding sections shall be under a general ordinance · prescribing the manner thereof and upon petition of owners of at least one-half of the property frontage of the block fronting on the improvements to be made, and be subject to the provisions of section 1635 of the Compiled Laws of New Mexico 1884; and said assessments when levied shall create a lien upon such adjoining property, to be collected under the provisions of subsection 75 of section 1622 and section 1660 of said Compiled Laws." Section 3, chapter 43, Laws 1891.

This was the law in force until 1903 when chapter 42, Laws 1903, was enacted. This latter act specifically repeals section 3 of the Laws of 1891, and furnishes a thorough, adequate, and complete method of procedure in the matter of paving streets in municipal corporations and by its completeness robbed of efficacy the other provisions of the Law of 1891, section 3 being repealed specifically, and by express provision repealed all acts and parts of acts in conflict therewith. This law, it is noted, was carried into the Code of 1915 as sections 3665 to 3671, inclusive. The law of 1903, above, contains no

provision similar to that of the 1884 Law (section 3662, Code 1915) and makes no mention whatsoever of a petition on the part of abutting property owners. On the contrary this act and the inhibitive law of 1884 are repugnant and irreconcilable as is evident from a comparison of both acts.

"That whenever the city council of any city, whether incorporated under general or special laws, or the board of trustees of any town or village in the state of New Mexico shall be of the opinion that the interests of said city require that any street or alley, or any part thereof, within the limits of said city, be graded, graveled, paved, macadamized or in any manner improved, such city council or board of trustees shall make a provisional order to the effect that such street or alley or part thereof shall be so graded, graveled, paved, macadamized or improved, and shall order the city engineer, or some other competent engineer, to cross-section said street or alley or part thereof and to make an estimate of the total cost thereof, and an estimate of the number of cubic yards of material necessary to be used in the grading thereof, or to be excavated therefrom." Section 3665, Code 1915.

Sections 3666 and 3667, following, provide that upon the filing of the report of the engineer a hearing shall be had after notice, at which hearing any one interested may be heard as to the propriety of the improvement contemplated, the cost and manner of payment. Section 3668 provides:

"After such hearing, said city council or board of trustees shall determine as to the advisability of so grading, graveling, macadamizing or otherwise improving such streets or alleys or parts thereof and shall determine the kind and character of such improvements so to be made, and shall proceed to advertise for bids for the doing of the work therefor, and shall enter into a contract for the doing of such work and the furnishing of all necessary materials to the lowest bidder."

[9] The act of 1903 by reason of the fact that it occupies completely all the matter on the topic of paving in municipalities and the levying of special assessments to pay the expenses thereof, dealt with

JANUARY TERM, 1921.          319

Ellis v. N. M. Const. Co. 27 N. M. 312

in prior legislation, that it expressly repeals section 3 of chapter 43, Laws 1891, in which was incorporated the law of 1884, that it is repugnant to and irreconcilable with the law of 1884, manifests a clear intent on the part of the Legislature to supersede and therefore to repeal that law. A statute is repealed by implication, though such repeal is not favored, where the legislative intent is manifest that the latter statute should supersede the former, and such intent is manifest where the Legislature enacts a new and comprehensive body of law which is so inconsistent with and repugnant to the former law on the same subject as to be irreconcilable with it, and especially does this result follow where the latter act expressly notices the former in such a way as to indicate an intention to abrogate. 6 Am. & Eng. Ency. of Law, 720; Baca v. County Commissioners, 10 N. M. 438, 62 Pac. 979; U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082; Howard v. Hulbert, 63 Kan. 793, 66 Pac. 1041, 88 Am. St. Rep. 267; Gymnastic Assoc. of South Side Milwaukee v. City of Milwaukee, 129 Wis. 429, 109 N. W. 109. The latter act (chapter 42, Laws 1903, sections 3665 to 3671, Code 1915) covering the entire subject, embracing all the law pertinent thereto and furnishing a new and comprehensive system of procedure, makes it clear that the Legislature intended to supersede prior acts relating to the same subject, and this result is to be derived even in the absence of repugnancy and inconsistency. Harold v. State, 16 Tex. App. 157; State ex rel. v. B. P. O. E., 69 Miss. 895, 13 South. 255; In re Hawes, 22 R. I. 312, 47 Atl. 705.

We have then to consider as determinative of the validity of the proceedings complained of the law of 1903 (sections 3665 to 3671, Code 1915) and the law of 1913 (chapter 22, Laws 1913), which comprises sections 3672 to 3683, inclusive, Code 1915, and as each act was amended in certain particulars by the law of 1919, the former by chapter 152, and

the latter by chapter 157 of such laws.   An examination and analysis of these two laws, the first generally termed the provisional order law, the latter the petition law, display that each is complete in itself, and sets forth each step in the procedure to be followed by the municipality.   But the former places in the discretion and judgment of the municipal government the decision as to paving streets, such decision being final; the latter imposes as a condition jurisdictional to valid proceedings the petition of at least 51 per cent. of the owners of the front feet of property abutting upon the street to be paved.

The contention of appellant that section 3662 is to be read into the former law as a prerequisite affecting the provisional order law of 1903 failing, in that such section is repealed by the latter act, it is yet urged that the petition law, that of 1913, as the last expression of the legislative will, is controlling, and, being repugnant to the former, supersedes it. That this contention is untenable is forced upon us by the fact of the inclusion in the 1913 act of this saving clause:

"No other existing law with reference to the construction or maintenance of the improvements contemplated in the sections numbered in the preceding section, shall be repealed, but the said laws shall remain in force to be applied by the governing body of any city, in its discretion, according to the provisions of said laws and without reference to said sections."   Section 3683, Code 1915.

There can be no repeal by implication where the act expressly provides that prior acts shall continue in force.   25 R. C. L. 931; 36 Cyc. 1077.   It being clear, therefore, that it was the legislative intent that the 1913 act was not designed as a substitute for or to supersede the 1903 act, and that each act is complete in itself, but radically different to the extent that one leaves the decision as to paving and assessing the expense thereof by special assessment

entirely with the governing body of the municipality, but the other permits nothing effective to be done without the petition of more than one-half of the abutting property owners, it follows that the acts are cumulative. 25 R. C. L. 174. We hold that the city of Albuquerque having, as the record before us shows, followed the procedure relative to paving under the provisional order law (sections 3665 to 3671, Code 1915) thus proceeding in conformity with law, the allegations of plaintiffs' complaint attacking the proceedings actually taken by the city on the ground that they are violative of one or more of the provisions of the petition law (sections 3672 to 3683) were demurrable.

[3] The demurrer admits further the allegations of the complaint that the special charter adopted by the city of Albuquerque under the provisions of chapter 86, Laws 1917, omits authorization to the city commissioners to pave city streets and meet the cost by special assessment and to enforce the liens created therefor by foreclosure. We have examined the cases cited in appellant's brief. The principle announced by all of them is established by mere statement. Where the Constitution of the state grants to municipalities power of self-government under a charter which is adopted, the charter is the measure of authority, and the municipality possesses the power to enact ordinances affecting persons and property within its corporate limits only to the extent that the charter expressly confers it, or necessarily implies such power from what is expressed or essential to the exercise of the power granted; but this rule does not apply to the instant case, for the reason that Albuquerque has not adopted its charter under a grant of power conferred by the fundamental law. The Legislature only has acted. The state law on municipal corporations controls.

"Any municipal corporation now existing and by election accepting the provisions of this act shall retain its present

boundaries, excepting as they may be altered under the provisions of the laws of New Mexico, and shall retain and possess all powers granted under the Municipal Corporations Act and such other powers as are not inconsistent with the statutes and Constitution of the state of New Mexico." Section 4, art. 1, chapter 121, Laws 1919.

[8] The next specific attack made by appellants in their complaint against the procedure followed by appellees is that the assessments made against them were in excess of benefits. Section 3, chapter 152, Laws 1919, amending the 1903 paving law (section 5, chapter 42) carried forward into the Code as section 3669, permits the assessment to be made upon the front-foot rule, and it is such method of assessment that appellants complain of, as stated above. The method followed by the city conforms to the statute, and is therefore valid. That it is a constitutional method of assessment this court has already decided. Roswell v. Bateman, 20 N. M. 77, 146 Pac. 950, L. R. A. 1917D, 365, Ann. Cas. 1918D, 426.

[4] The objection urged that no notice was given as required by section 3, chapter 40, Laws 1915, which amended section 3679 of the Code (part of the petition law) we have already disposed of; lack of adherence to the terms of the petition law is immaterial. The purpose of the notice in the provisional order law is to afford opportunity to discuss as already pointed out, and any objection at the hearing by one interested against the advisability of paving, or the extent or character of paving is unavailing against the decision of the city to the contrary. Notice and hearing within constitutional demands are had upon the filing of suit to foreclose the lien. Roswell v. Bateman, supra. Hence, by statutory provision, the extent or character of paving, as proposed in the provisional order, which forms the basis of the notice required, may be deviated from. In fact, were the order not clearly tentative, discussion upon it would be futile. It is after such provisional order is made and after hear-

ing and discussion thereon that final decision is made by the city, which decision forecloses objection. Section 3668, Code 1915, supra.

[5] We see no merit in the remaining point as alleged in the complaint and argued in appellants' brief, to the effect that the advertisement for bids contained such terms that only the defendant construction company could have proposed to do the work and could have performed. There is no allegation of fraud or collusion, or of injury to the plaintiffs or any property owner interested, or of other substantive facts which would go to negative the presumption that the city performed the duty imposed upon it by statute by letting "the contract for the doing of such work and the furnishing of all necessary materials to the lowest bidder." The allegations of the complaint admitted to be true are not necessarily inconsistent with the actual performance of the duty imposed. The action of the trial court in dismissing the complaint was proper, and its judgment will be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.

## ON MOTION FOR REHEARING.

RYAN, District Judge. In their motion for rehearing, plaintiffs urge that the court, in the original opinion filed herein, omitted to take into consideration the contention made by them that the provisional order law of the act of 1903 (sections 3665-3671, inclusive, Code of 1915) was repealed by implication by the act of the territorial Legislature of 1909, chapter 31, Laws of 1909. This position is so clearly untenable that it was not deemed deserving of comment in the opinion. The act of 1903 above referred to has to do with the authorization to a city council to order local improvements and assess the cost thereof upon abutting property. Chapter 31, Laws of 1909, has to do with the creation of improvement districts by incorporated cities; the

organization of boards of improvements for the districts so created, and the direction and control of such improvements by such boards; the creation of boards for the assessment of benefits in each district; and the collection of the assessments. The opinion filed herein states upon what conditions subsequent legislation will be held to repeal prior legislation by implication. None of the tests therein set forth are here present to imply the repeal of the act of 1903 by the 1909 act.

The remaining contentions upon which a rehearing is urged were treated in the opinion proper.

For these reasons, the motion for rehearing will be denied; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.