[No. 3305. Aug. 22, 1928. Rehearing Denied Sept. 26, 1928.]

MASSENGILL v. CITY OF CLOVIS et al.

[270 Pac. 886.]

520

See, also, *267 P. 70; 268 P. 786.*

Sam G. Bratton, of Albuquerque, for appellant.

Otto Smith and Hall & McGhee, all of Clovis, for appellees.

## OPINION OF THE COURT

PARKER, C. J. Appellant and others brought suit for an injunction against the defendants to restrain them from proceeding with a paving program, including a large number of blocks in the city of Clovis. On final hearing a preliminary injunction theretofore issued was dissolved, a permanent injunction was refused, and the cause was dismissed, from which judgment appellants, plaintiffs below, have appealed. Various propositions are presented.

The court, in refusing the injunction, held that the fees of engineers and attorneys were properly included by the city as a part of the costs of the improvement, and, as such, were properly chargeable against the abutting property along with the contract price of the work to be done by the contractor. In regard to this matter it may be said that no reason can be discerned why fees for engineers and attorneys should not be properly chargeable as a part of the cost of the improvement. The engineer is required to cross-section the street, estimate the amount of material to be brought in or removed from the street, establish grades for proper drainage, superintend

the work of paving, etc., compensation for which is as much a part of the proper cost of the work as the actual laying of the pavement, and is as properly chargeable to abutting property owners. Attorney's services in preparing the contract for the improvement, and attending to the interests of the city in case of question between it and the contractor, preparing and superintending the service of notice required by the statute, and many other duties are as properly a part of the cost of the improvement as the actual pavement and as properly chargeable to abutting property owners. In this connection it is to be observed that, as a matter of practical administration of our pavement laws, compensation for engineers and attorneys has been frequently charged against the abutting property as a proper part of the costs of the improvement. However, it is to be noted that in these cases there is seldom sufficient involved to authorize appeal to the courts for relief, and this fact may account for the absence of cases on this point. However that may be, the question is whether, under our statute, the city authorities have the power to include such fees as a part of the costs chargeable to abutting property owners. The statutes governing the matter in this case were first enacted as chapter 42. Laws 1903, which were compiled as sections 3665-3671, Code 1915. Some of these sections were amended by chapter 152, Laws 1919, but in no particular involved in this case. The pertinent provisions of the latter act and of the act of 1903, still in force, are as follows:

"Section 1. That section 1, chapter 42, of the laws of the 35th Legislative Assembly of the Territory of New Mexico (Codification of 1915, sections 3665, 3670 and 3671), be and it is hereby amended to read as follows: That whenever the city council of any city, town or village, whether incorporated under general or special laws, or the board of trustees of any town or village in the state of New Mexico, shall be of the opinion that the interest of said city, town or village require that any street or streets, alley or alleys, or any part thereof, within the limits of said city, town or village be graded, gravelled, paved, macadamized or in any manner improved, such city council or board of trustees shall make a provisional order to the effect that such street or streets, alley or alleys or part thereof shall be so graded, gravelled, paved, macadamized or improved, and shall order the city engineer, or some other competent engineer, to cross-section said street or streets, alley or alleys or part thereof and to make an estimate of the total cost thereof, and an estimate of the number of cubic

yards of material necessary to be used in the grading thereof, or to be excavated therefrom.

"Sec. 2. That section 2 of chapter 42, of the Session Laws of 35th Legislative Assembly of the Territory of New Mexico (Codification of 1915, sec. 3666), be, and it is hereby amended to read as follows:

"Upon the filing of the report of such engineer, said city council or board of trustees shall set a time and place at which the owners of property abutting on such street or streets, alley or alleys, or part thereof so to be improved, or any other persons interested therein, may appear before said city council or board of trustees and be heard as to the propriety and advisibality of making such improvements, and as to the costs thereof, and as to the manner of payment therefor, and as to the amount thereof to be assessed against the property abutting thereon. * * *"

Chapter 152, Laws 1919.

"After such hearing, said city council or board of trustees shall determine as to the advisability of so grading, gravelling, macadamizing or otherwise improving such streets or alleys or parts thereof and shall determine the kind and character of such improvements so to be made, and shall proceed to advertise for bids for the doing of the work therefor, and shall enter into a contract for the doing of such work and the furnishing of all necessary materials to the lowest bidder."

Section 3668, Code 1915 (chapter 42, Laws 1903).

"Sec. 3. That section 5 of chapter 42 of the Session Laws of the 35th Legislative Assembly of the Territory of New Mexico (Codification of 1915, sec. 3669), be, and it hereby is amended to read as follows: After the making of such contract, the said city council or board of trustees shall determine what portion of such work shall be paid by such abutting property, and the owners thereof, and shall assess to each lot or parcel of land abutting upon such street or streets, alley or alleys, or part thereof, so to be improved, its proportionate share of said total amount. * * *"

Chapter 152, Laws 1919.

After an examination of these statutes we were first inclined to the opinion that there was no provision contained in the same for the inclusion in the local assessment of anything over and above the contract price for the work. Thus in section 3668, Code 1915, it is provided that the governing body of the city, after determining to make the improvement, "shall proceed to advertise for bids for the doing of the work therefor, and shall enter into a contract for the doing of such work and the furnishing of all necessary materials to the lowest bidder." And in section 3, c. 152, Laws 1919 (section 5, c. 42, Laws 1903; section 3669, Code 1915), it is provided that after the

making of the contract the city council "shall determine what portion of such work shall be paid by such abutting property, and the owners thereof, and shall assess to each lot," etc., "its proportionate share of such total amount." If the statute is to be interpreted to mean that the city council may make the local assessment for only such sum as the contract price for the work amounts to, then it will be impossible to include therein the cost of the materials furnished by the contractor. This is evidently not the meaning to be deduced from the statute. The use of the word "work" in this statute was evidently intended to be synonymous with the word "improvement," in which case all of the costs of the improvement, including the sums payable to the contractor, the engineer, the attorney, and all incidental expenses are to be included as a part of the cost of the improvement, and are properly chargeable in the local assessment against abutting property owners. In this connection it is to be noted that in Ellis v. New Mexico. Con. Co., 27 N. M. 312, 201 P. 487, these statutes were considered. In that case it was urged by the appellant that the inclusion of engineers' and attorneys' fees in the local assessment was not allowable because it was a taking of private property for a public purpose without just compensation. This, in form, is not the identical question raised in this case. Here the question is directly raised that the statute does not authorize the inclusion of such fees as a part of the cost of the improvement. However, the consideration of the latter question was necessarily involved in the determination of the former question. If the inclusion of such fees in the local assessment was unauthorized, then it would be a taking of private property for a public use without compensation; but, on the other hand, if such fees were properly included in the local assessment under a proper interpretation of these statutes, it would not be taking private property for a public purpose without compensation. The court in the Ellis Case did not deem the question of sufficient importance to enter upon a detailed discussion of the same. The contention was dismissed as trivial in the following language:

"There are other grounds urged in the complaint going to the invalidity of the proceedings, but such grounds are not impressive enough to deserve consideration here."

Although this treatment of the matter is unfortunate, in that it fails to develop fully the opinion of the court, it, nevertheless, remains true that it was a decision that the contention made in that case by appellant was trivial and unworthy of consideration and the contention was denied. We therefore treat the decision in that case as a determination by this court in 1921, when the case was decided, that engineers' and attorneys' fees are properly allowable as a part of the costs of the improvement in a paving case, and as such properly included in the local assessment against abutting property owners. Since that time city authorities and contractors and the people of cities where paving programs have been put on have, we assume, contracted in view of the evident meaning of the opinion in the Ellis Case, and we take notice of the fact that since that time paving programs have been put on in the various cities in the state, costing large sums of money running into the millions of dollars. If at this time the Ellis Case were to be overturned in its full meaning, as city authorities and contractors had a right to interpret it, and as we now interpret it, then the validity of assessment certificates will become questionable, the rights of contractors who have taken the same in payment for their services in making these improvements will become greatly impaired, and paving improvements in cities will necessarily come to a standstill. For these reasons, and perhaps for other reasons which might be mentioned, we are loath to disturb the interpretation of these statutes necessarily involved in the decision in the Ellis Case, and therefore adhere to the same and interpret the same to mean that the inclusion of these fees in local assessments is lawful and proper.

Appellants in their brief raise the point that the method of payment provided in this case for the engineer and attorneys renders the whole proceeding void so far as they are concerned. The objection made is that the engineer and attorneys are paid on a percentage basis on the contract price for the improvement, and it is urged

that this method is contrary to sound public policy upon the ground that inducements are thereby held out to these persons to increase the contract price as much as possible, and thereby increase their compensation. The unsoundness of this contention is apparent. The engineers and attorneys have no discretion or power to determine the character of the improvement, or the price to be paid therefor. They therefore have no opportunity to control any of the proceedings in putting in the program; that duty devolving solely upon the city officers having the matter in charge. For this reason the objection to this method of compensation is clearly untenable.

Complaint is made of the employment by the city of some of the attorneys on account, it is alleged, of their occupying an antagonistic position to the interests of the city. We do not see how this proposition can be sustained. If the attorneys employed by the city are disqualified by reason of occupying an antagonistic position to the city's interests, this, or the district court, are not the proper forum to try out such a matter in a proceeding of this kind. Professional misconduct must be dealt with in another form of proceeding.

The appellants complain that the assessment as laid is confiscatory. There is no controversy between the parties as to what is and what is not confiscation as a matter of law. The claim is made, simply, that as a matter of fact as to a substantial number of lots the evidence preponderates as to the fact that there is confiscation. Counsel, however, frankly admit that there is evidence in the record from which the court might conclude that there is no confiscation. Under such circumstances we do not feel justified in disturbing the finding.

It follows from all of the foregoing that the judgment of the district court is correct, and should be affirmed, and it is so ordered.

BICKLEY and WATSON, JJ., concur.

### ON MOTION FOR REHEARING

PARKER, C. J. A motion for rehearing has been filed, based upon the following propositions:

(1) The court erred in holding that engineers' and attorneys' fees are properly chargeable against abutting property and property owners and may be included in an assessment against such property and the owners thereof.

(2) The court erred in holding that the word "work" as used in sections 3668 and 3669, Code 1915, is synonymous with the word "improvement."

(3) Sections 3668 and 3669, Code 1915, contain the only authority under the laws of this state to make any assessment whatsoever against abutting property or the owners thereof in connection with paving. Said sections expressly confine the amount of the assessment to the contract price of the physical work, and therefore do not authorize the inclusion of engineers' and attorneys' fees, and the court erred in holding that they may be included.

(4) The court erred in holding that the case of Ellis v. New Mexico Construction Co., 27 N. M. 312, 201 P. 487, determined or adjudicated that engineers' or attorneys' fees, or both, may be included in an assessment against abutting property, and the owners thereof, in a paving program.

(5) The court erred in holding that compensating engineers and attorneys on a contingent basis, in connection with a paving program, does not violate sound public policy.

(6) The court erred in holding that the validity of the contract to compensate Messrs. Hall and McGhee because of prior employment of an antagonistic nature cannot be litigated in this proceeding.

The first three propositions are to the effect that our interpretation of the statute is incorrect. We have carefully reconsidered the matter; and are still entirely satisfied with our former conclusion.

In regard to the application of Ellis v. New Mexico Construction Co., 27 N. M. 312, 201 P. 487, we are not so well satisfied, and we will withdraw that portion of the opinion, basing our conclusion solely upon what we deem

to be the proper interpretation of the statute as heretofore set out.

We are unable to see how any supposed sound public policy forbids the compensation of engineers and attorneys upon a percentage basis, so long as they have no power or discretion to control the proceedings or determine the amount or extent of the improvements. The doctrine has application only to those public officers who have discretion, and whose judgment might thereby be warped, and who might thereby be led into temptation to betray a public trust.

Whether we are correct in holding that the question of eligibility of Messrs. Hall and McGhee to serve the city of Clovis in the premises was not litigable in this case, as we believe we are, the fact remains that the district court, upon sufficient evidence, found upon the facts that they were eligible, thus, in any event, obviating the question.

The motion for rehearing will therefore be denied, and our former conclusion will be adhered to, and it is so ordered.

BICKLEY and WATSON, JJ., concur.