[No. 3231.   Feb. 23, 1929.]

[Rehearing Denied Aug. 13, 1929.]

CITY OF CLOVIS v. SCHEURICH et al.

[279 Pac. 876.]

Otto Smith, of Clovis, for appellant.

Downer & Keleher, of Albuquerque, amici curiæ.

### OPINION OF THE COURT

WATSON, J.   The city of Clovis, as assignee, sued to foreclose paving certificates issued under Laws 1919, c. 152, § 4.   Among the defenses interposed were lack of notice and opportunity to be heard, and that the assessment was confiscatory.   Judgment went for defendants, discharging the liens, and the city has appealed.

We have not been favored with a brief on behalf of appellee, but have the benefit of the able opinion of the

trial court. We also have a brief by amici curiæ supporting and somewhat extending the positions taken by appellant.

The trial court found that no notice of any kind was ever served upon appellee, and that he had no knowledge of any meeting of the city council at which he might appear and protest against the improvement. Just what influence this fact had in the decision we have been unable to determine. Counsel for appellant points out that appellee did not acquire the property until after the protest notice was published and the protest meeting held. It would seem, therefore, that, so far as the statutory notice is concerned, the finding is immaterial. However, this matter need not be pursued, since we find the question of confiscation decisive of the case.

The trial court found that the assessments were greatly in excess of the value of the property, and that, with the improvement, the property was worth much less than the assessments. This finding, it is urged, does not support the judgment, because, as contended by counsel for appellant, the assessment is not subject to review by the courts, and because, as contended by amici curiæ, the finding does not make out a case of confiscation entitling appellee to relief.

The trial court conceded that the assessment made by the city council was conclusive, "unless its action is a flagrant abuse and by reason of its arbitrary character is mere confiscation of particular property." He cited Milheim v. Moffat Tunnel Imp. Dist., 262 U. S. 710, 43 S. Ct. 694, 67 L. Ed. 1194; Atlantic Coast Line R. R. Co. v. City of Gainesville, 83 Fla. 275, 91 So. 118, 29 A. L. R. 668; City of Atlanta v. Hamlein, 96 Ga. 381, 23 S. E. 408; Otter v. Barber Asphalt Paving Co. (Ky. Court of Appeals) 96 S. W. 862, and the general rule stated at 25 R. C. L. p. 141. Counsel for appellant does not question, and amici curiæ seem to concede, that this correctly states the general rule. We are spared the necessity of deciding that matter. But counsel for appellant contend that we held in Ellis v. N. M. Construction Co., supra, that where the assessment is according to frontage, it is absolutely

final, and precludes the defense of confiscation. The trial court was content to answer this contention by pointing out that the city had failed to show that the property was so assessed. We are disposed, however, to answer the contention on the assumption that it was.

Counsel for appellant says:

"It is my interpretation of the decision of Ellis v. New Mexico Construction Co. that the court holds, that if the city council follows a constitutional method in levying an assessment the assessment cannot be questioned later in the courts."

We cannot accept counsel's interpretation. We do not understand that it was contended in the Ellis Case that the assessments were confiscatory. As stated in the opinion, the point made was that the assessments were in excess of the benefits. This court upon that point followed City of Roswell v. Bateman, 20 N. M. 77, 146 P. 950, L. R. A. 1917D, 365, Ann. Cas. 1918D, 426, in holding that the due process clause of the Constitution "does not require that assessments for local improvements shall be levied according to benefits, or not in excess of benefits." But we also said:

"Notice and hearing within constitutional demands are had upon the filing of suit to foreclose the lien."

It is a "constitutional demand" that no person shall be deprived of property without due process of law. The authorities above cited hold that this "constitutional demand" affords protection against confiscation. If that defense were precluded by the action of the council, the notice and hearing upon the filing of suit to foreclose the lien would be of no avail. No reason is pointed out, and none occurs to us, why a front foot assesment can better than others withstand the attack that it is confiscatory. We leave that question, however, for determination in some possible future case. We merely decide here that Ellis v. N. M. Construction Co. does not establish any such distinction.

Amici curiæ, conceding apparently the correctness of the rule laid down by the trial court, contend that the finding is insufficient to bring the case within the rule. Here they rely upon the single proposition that "assess-

ments for benefits for municipal improvements are not limited to the present use of assessed property but may be based upon future prospects and reasonable anticipations, such as growth of the community." A number of decisions are cited. Their correctness need not be questioned. It may well be that, if the city had desired, it might have introduced evidence along those lines for its bearing on benefits and value. But it did not. It contended that those matters were not properly to be inquired into by the court because of the finality and conclusiveness of the assessment. It asked no findings of fact. In such a case we have no reason to doubt that the witnesses in testifying, and the trial court in finding as to value, gave proper consideration to all matters which would contribute to them.

There remain to be considered two affirmative defenses upon which appellant relied: First, that appellee by his acts and by the knowledge to be imputed to him as a member of the city council is estopped from questioning the validity of the assessment. Second, that by having paid a number of the annual installments of principal and interest, he had waived objections to the validity of the assessment.

At the time of the institution of these proceedings, appellee was a member of the city council; but he ceased to be such on April 6, 1920. The provisional order was passed February 16, 1920. The time and place of hearing was fixed by resolution passed March 1, 1920. The hearing was held on March 29, 1920. Assuming that these facts would have estopped appellee if he was at the time the owner of the property, we cannot see how the facts are material, in view of the further fact that appellee did not become the owner of the property until November, 1920. The principle urged is that one who stands by without objecting to the improvement of his property may not afterward question the proceedings. But, when appellee was "standing by" and participating to an extent in the proceedings, he was not the owner of the property. The then owner of the property was not "standing by." We do not understand how knowledge or conduct of appellee, when he was not the owner could

preclude him, as a matter of law, on acquiring the property, from stepping into the shoes of an owner against whom no estoppel is urged.

The contention that the voluntary payments made by appellee constitued a waiver of the right to object to the validity of the proceedings was overruled by the trial court, who cited Wakeley v. City of Omaha, 58 Neb. 245, 78 N. W. 511. Appellant cites numerous cases collected for the most part in the case note at 9 A. L. R. p. 827. We have carefully examined those decisions, and agree with the trial court that they do not furnish the rule for the case at bar. This is not a case of estoppel by laches or acquiescence. Under our procedure, the fact of confiscation does not appear until after the contract has been let. Before appellee could point to any confiscation, the city was committed to an exchange of its bonds for the certificates. Hence it has not assumed any liability in reliance upon any supposed acquiescence by appellee. The payments made have not prejudiced the city. It is simply so much ahead. We are not dealing with an attempt to recover assessments voluntarily paid. No statute limits the attack upon the validity of the assessment. The whole assessment being void as attempted confiscation, the payments made were gratuitous. We know of no sound reason to hold appellee estopped by them. Wakeley v. City of Omaha, supra; City of Lewistown v. Warren, 52 Mont. 356, 157 P. 954; Wetterau v. Farmers' Trust Co., 285 Mo. 555, 226 S. W. 941; Mayes v. Adair County (Mo. Sup.) 194 S. W. 58; Casey v. Trout, 114 Ark. 359, 170 S. W. 75; People v. Owens, 231 Ill. 311, 83 N. E. 198.

Having found no error in the judgment, it will be affirmed, and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

ON MOTION FOR REHEARING

WATSON, J. The motion for rehearing seems to raise no point which we have not fully considered, except possibly that the assessments in question are void to the extent only that they exceed the benefits. This point is

not available to affect the present judgment, for the reason that no such contention was made in the court below, and that this court is without any means of determining the excess.

Motion denied.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.