276 P.2d 739

Orval W. FRANCIS, Virgil Boone, and R. N. Williams, Plaintiffs-Appellants,

v.

M. C. ROBERTS, Mayor, and Less Means, Russell Johnson, Joe Helton, Judge Stone, Councilmen, Defendants-Appellees.

No. 5808.

Supreme Court of New Mexico.

Nov. 18, 1954.

Smith & Smith, Clovis, for appellants.

Lewis C. Cox, Jr., Clovis, for appellees.

SEYMOUR, Justice.

Appellants, for themselves and other taxpayers and property owners similarly situated, brought suit seeking to restrain the mayor and town council of Texico, appellees, from proceeding with a paving program addressed to a specific area in the town. The paving program was instituted by the Petition method pursuant to §§ 14–3323 to 14–3334 inclusive, N.M. S.A.1941.

Appellants made no attack upon the regularity of the proceedings from a procedural standpoint. The alleged ground for the relief sought was that the cost of the program would exceed the benefits thereof and would result in the confiscation of the property against which the assessment liens would run. The estimated cost per front foot was $4.50, or $225 for each fifty-foot lot; corner lots were to be assessed in addition on their side front footage.

On appellees' motion, at the close of appellants' case the trial court dismissed the complaint on the ground that, absent fraud or error in the proceedings neither of which was asserted, the judgment of the council as to the benefits to the property was binding upon the trial court in the absence of a flagrant abuse of discretion. It was the view of the trial court that since the petition was properly filed pursuant to the above cited statute, the council did only that which was requested by the petition; therefore, there was no abuse of discretion and the complaint should be dismissed.

Basically, it is the position of appellants that the trial court has the power and duty of reviewing the question of benefits and, in appellants' language, "if the proposed assessments are in excess of benefits, the

proceedings are void." As heretofore stated, the theory of appellees, adopted by the trial court, is that the judgment of the council is conclusive in the absence of a flagrant abuse of discretion. In support of their contentions, both sides rely heavily upon the case of City of Clovis v. Scheurich, 1929, 34 N.M. 227, 279 P. 876.

Appellants' case consisted of six or seven witnesses testifying as to the value of the particular parcels of land, the amount of the proposed paving assessment against such parcels and the effect of the particular improvement upon the value thereof. Numerous witnesses testified that a vacant fifty-foot lot prior to paving was worth approximately $100. In an exchange between the court and appellants' counsel concerning findings of fact, the court summarized its view of appellants' evidence: "* * * that the cost of the paving would be equal or approximately equal to the value of the land against which the paving would abutt." No such finding was made or requested, but it fairly represents a minimum statement of appellants' showing.

At the commencement of trial some seventeen exhibits were introduced by stipulation, one of which was the petition signed by more than two-thirds of the property owners concerned asking for the paving "at a cost not to exceed $4.50 per front foot * * *." Appellees contend in substance that this exhibit alone shows that two-thirds of the owners do not think the assessment is confiscatory and, therefore, it is impossible to show a flagrant abuse of discretion on the part of the town council. This, too, seems to be the trial court's approach to the problem. If it is correct, the attack or defense of confiscation is not available to a property owner in protests against a paving program initiated by petition.

The Scheurich case is cited by appellants for the proposition that an assessment is void if confiscatory. It is cited by appellees for the proposition that the assessment is conclusive unless there is such a flagrant abuse of discretion as to make the assessment confiscatory. The proposition for which this case is cited by appellees was not determined there, since this Court stated in its opinion that this principle was conceded by the parties and the trial court, saying, "We are spared the necessity of deciding that matter." Assuming, however, that both of the propositions asserted are the law applicable to the Scheurich case, in our judgment that case is not conclusive of or particularly helpful in the instant case. The controlling factor in the instant case requires a recognition of the fact that under our statutes there are two separate and independent methods of initiating paving programs in municipalities: one, the provisional order law comprehended in §§ 14–3316 to 14–3322, N.M.S.A.1941; and the other, the petition method comprehended by §§ 14–3323 through 14–3334,

supra. Ellis v. New Mexico Const. Co., 1921, 27 N.M. 312, 201 P. 487. The Scheurich case, the Ellis case, and City of Roswell v. Bateman, 1915, 20 N.M. 77, 146 P. 950, L.R.A.1917D, 365, Ann.Cas.1918D, 426, all concern paving programs initiated under the provisional order law. The paving program in the instant case was initiated under the petition method of paving.

To determine the question before us, it is necessary to consider closely the differences between these two methods. It can be done most effectively by quoting selected fragments from each.

### Provisional Order Method

§ 14–3316, supra:

"Whenever the city council * * *shall be of the opinion that the interest of said * * * town * * * requires* that any street * * * be * * * paved * * * such city council * * * shall make a provisional order * * * that such* street * * * shall be * * * paved * * * and shall order the city engineer * * * to make an estimate of the total cost thereof * * * and an estimate of the maximum amount of benefits to be conferred on each piece * * * of property to be assessed with the cost of constructing said improvement * * *."

§ 14–3320, supra:

" * * * said city council * * *shall determine what portion of such work shall be paid by the property improved, and shall assess to each lot * * * its proportionate share * * but in no event shall the assessments exceed the estimated benefits to the property assessed."

§ 14–3321, supra:

" * * * If any such certificate or bond shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described therein have been performed, such recitals shall be conclusive evidence of the facts so recited. * *"

### Petition Method

§ 14–3323, supra:

"Every * * * city, shall have power, upon presentation of a petition * * * in writing * * * to improve any street * * * by * * * paving * * *."

§ 14–3326, supra:

"The whole or any part of the cost of making such improvements may be paid by the city or by the owners of property abutting on such improvements, as the governing body of the city may determine, and may be assessed against such property-owners or their property."

§ 14-3328, supra:

"* * * Said governing body shall have the *power* * * * *to fix a lien upon such property and declare such assessments to be a personal liability of the owner* * * * of such abutting property. * * *

"If any such certificate shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law and that all prerequisites to the fixing of the assessment lien against the property described therein, and the personal liability evidenced thereby have been performed, *such recitals shall be prima facie evidence of the facts so recited.*"

§ 14-3330, supra:

"* * * *No assessment* shall be made against any abutting property, or against the owner thereof personally, in any event, *in excess of the actual benefits to such owner by reason of the enhanced value of his property* by means of such improvement * * *."

Finally, both the provisional order statutes and the petition statutes provide for the right of an interested party, within thirty days after the council has had a protest hearing, to commence an action in a court of competent jurisdiction attacking the validity of the proceedings. See §§ 14-3318 and 14-3332, supra. A striking difference appears in these two sections: under the provisional order section, this right is limited to a person who has filed a protest with the council; under the petition section, any property owner has this right, whether or not he filed a protest with the council.

That the differences between these two methods are significant has already been recognized in Ellis v. New Mexico Const. Co., supra, 27 N.M. 312, 201 P. 487, 490, where the Court said:

"* * * An examination and analysis of these two laws, the first generally termed the provisional order law, the latter the petition law, display that each is complete in itself, and sets forth each step in the procedure to be followed by the municipality. But the former places in the discretion and judgment of the municipal government the decision as to paving streets, such decision being final; the latter imposes as a condition jurisdictional to valid proceedings the petition of at least 51 per cent. of the owners * * *."

Further discussion of these differences appears in that decision. Without stating it as decided case law in New Mexico, since the issues are not here presented, it is safe to say generally that the Bateman case, the Ellis case and the Scheurich case stand for the following propositions under the provisional order method of paving: (a) that confiscation is a proper attack on or defense to a paving program; (b) that

the judgment of the city council is conclusive in the absence of the showing of a flagrant abuse of discretion.

Both as a matter of practical fact and as a matter of technical statutory interpretation, an entirely different conclusion develops from the statutes establishing the petition method of paving. Without again quoting the italicized portions of the acts quoted above, it seems clear that under the petition method of paving there is no duty placed upon the town council to have the engineers estimate costs and benefits. Assuming the "conclusive" effect of the council's action under the provisional order method, its basis is the conferring by the legislature on the council of the duty of investigation and analysis, and the duty of exercising its discretion as to the interest of the municipality based upon such investigation and analysis. The legislature having conferred these duties upon the council and it having acted pursuant thereto, it is a tenable position that its judgment is immune from attack except upon the basis of a flagrant, arbitrary abuse of discretion.

There is little need to belabor the other obvious differences: the petition method allows the imposition of personal liability; the order method does not. The petition method requires no protest before the council to entitle the property owner to a court review; the order method does require a protest. The petition method provides literally that no assessment shall be in excess of *actual* benefits; the order method requires only that the assessments not exceed the *estimated* benefits. A recitation of regularity under the petition method is only prima facie evidence of the facts recited; such a recitation under the order method is conclusive.

In view of the foregoing, it seems apparent to us that the greatest presumption that could be created by a regularly processed petition paving program, as in this case, would be a prima facie presumption that the assessment proposed does not exceed the actual benefits to the particular owner. Therefore, appellants' showing in the instant case, in the words of the trial court, that the cost of paving would be equal or approximately equal to the value of the land against which the paving would abut, was certainly sufficient to destroy a prima facie presumption to the contrary, and to require the appellees to go forward with their proof in defense unless appellees desired to submit the matter on the merits in reliance upon exhibits already introduced in the case.

We realize that the trial court did not make the finding of fact which he indicated as his summary of the testimony of appellants' witnesses. Had it done so, it is difficult to see how the assessment proposed in the particular paving program could be sustained. The language of § 14—

3330, supra, under the petition method states that "No assessment shall be * * in excess of the *actual* benefits * * *. by reason of the enhanced value of * * * property by means of such improvement". If we interpret correctly the meaning of the trial court's summary, it is that the cost of paving alone would equal the value of the land with paving completed. Of necessity, therefore, the cost of paving exceeded the actual benefit, since the unimproved land had some substantial value before any paving. If our interpretation of the trial court's summary is incorrect, it is nevertheless true that there is substantial evidence in the record which would have authorized such a finding and under these circumstances, in the event of retrial, the trial court will be in a position to correct our understanding of its remarks if we are wrong.

The judgment of the trial court is reversed with directions that appellants' complaint be reinstated and the court proceed to hear and try said cause in conformity with the views herein expressed.

It is so ordered.

McGHEE, C. J., and COMPTON and LUJAN, JJ., concur.

SADLER, J., specially concurring.

SADLER, Justice (specially concurring).

My concurrence in the foregoing opinion is based upon an assumption that the court does not wish to hold, and in my opinion it does not, that a disgruntled property owner can interpose a claim of confiscation to block a whole paving improvement desired by an overwhelming number of the residents of his town or city, or section thereof. Even if the lot paved should have a value less than combined cost of the paving plus value of the lot before paving, thus representing an excess of cost of improvement over benefit, there is no right in the property owner to have his property exempted from a lien for such amount as would represent what the benefit from the paving is actually shown to be. He is not to enjoy the benefit and go scot free! Nor is his dissatisfaction to hold up the progress of a whole city.

Personally, I feel the claim of confiscation here made is premature and should come as a defense to any suit to foreclose the lien. City of Clovis v. Scheurich, 34 N.M. 227, 279 P. 876. Nevertheless, I concur in sending case back to call upon city for its proof to the end that the court may settle finally the question of benefits after the case is heard at length.

Accordingly, I concur in the result.