| 69 | 895 |
| 70 | 802 |
| 69 | 895. |
| 71 | 419 |

### STATE *v.* BENEVOLENT AND PROTECTIVE ORDER OF ELKS.

1. REVENUE AGENT.   *Code* 1892, *chap.* 126.   *Repeal of act of* 1890.   *Abatement of suits.*

   Chapter 126, code 1892, entitled "State Revenue Agent," which was put into immediate effect by the act of April 2, 1892 (Laws, p. 60), repealed ? 2 of the revenue act of 1890 (Laws, p. 11), under which alone actions were maintainable for the collection of privilege taxes due by retailers of intoxicating liquors; and, as said chapter, though providing for the bringing of such actions, contains no saving clause for pending actions by the revenue agent for such privilege taxes, all such pending actions abated.

2. SAME.   *Code* 1892.   *Pending suits.   Saving clause.*

   This result is not obviated by the introductory chapter of the code of 1892, which contains such saving clause as to all pending actions, since that chapter does not go into effect until November 1, 1892.

3. CONSTRUCTION OF STATUTES.   *Repeal by implication.*

   Provisions of a statute omitted from one subsequently passed on the same subject, to take its place and supersede it, will be deemed to be repealed.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

This action was instituted in March, 1892, in the name of the state, by Wirt Adams, revenue agent, against Lodge No. 95, Benevolent and Protective Order of Elks, to recover $300, the amount of privilege tax imposed by law upon retailers of vinous, spirituous and malt liquors. The declaration alleges that defendant, on the first day of April, 1890, and continuously thereafter until the first day of March, 1892, sold such liquors in less quantities than one gallon without paying the requisite privilege tax; that the sheriff and tax-collector, although duly notified of such unlawful sales, wilfully refused to collect the privilege tax, wherefore a right of action to recover the same arose and exists in favor of the state revenue agent.

The defendant demurred to the declaration, alleging, among other things, that the act under which the suit was brought was repealed by the adoption of chapter 126, code of 1892, entitled "State Revenue Agent."

By the act of April 2, 1892 (Laws, p. 60), approving and adopting the code of 1892, chapter 126 of such code, entitled "State Revenue Agent," was put into immediate effect. This chapter provides, among other things, for the assessment and collection by the state revenue agent of *ad valorem* and privilege taxes, where the persons or corporations liable for the same have escaped, or shall escape, such taxation, by reason of not being assessed, or of the tax not being demanded, or otherwise. The said chapter provides that, after expiration of the fiscal year in which taxes become due and payable, whether the taxes were assessed, or properly assessed or not, the right to make such assessment and collection pertains to the state revenue agent. This chapter contains no reference to pending actions by the state revenue agent. The introductory chapter of the revised code of 1892, contains a saving clause as to all pending actions,

but this chapter is a part of the code, which goes into effect November 1, 1892.

The demurrer to the declaration was sustained, and plaintiff appealed.

*Calhoon & Green,* for appellant.

There is nothing incompatible between the right here asserted and chapter 126 of the code of 1892. If there was, that code continued the present incumbent in office, and, by its introductory chapter, expressly preserved all actions and rights of action commenced or acquired prior to its enactment.

*J. M. Gibson,* for appellee.

Chapter 126, code of 1892, entitled "State Revenue Agent," went into effect April 2, 1892, and, as it contained no provision for saving pending suits, this action must fail. It repealed the act of 1890, relative to the state revenue agent. The revenue act of 1892 likewise repealed § 2 of the revenue act of 1890. The effect of this must be to abate this action, which was pending prior to April 2, 1892.

CAMPBELL, C. J., delivered the opinion of the court.

It was by virtue of § 2 of the act of February 24, 1890, alone that this action was maintainable, and the repeal of that act, effected by the act putting into immediate operation the chapter of the code of 1892 entitled "Revenue Agent," without any provision for saving pending suits or existing rights of action, necessitates the failure of this action. The code contains a suitable provision to avoid any evil result from a change of the law effected by it, but that provision will not be operative until next November, and no present effect can be given to it. The immediate abrogation of certain laws, without guarding against the inevitable legal consequence sanctioned by all courts, and often declared in this state, leaves no alternative but the defeat of all actions depending for sup-

port on the repealed laws. There cannot be a doubt of the repeal of § 2 of the act of February 24, 1890, for a new law, to take the place of the old and supersede it, was adopted, and this section was omitted from the new; and by universal consent this abrogated the omitted provision. The result may be a surprise to the authors of the mischief, but it exceeds the power of the courts to rectify the blunder, however disappointing or disastrous the consequences.

*Affirmed.*