PETITION OF JOSIAH J. HAWES *et al.* FOR AN OPINION.

PROVIDENCE—DECEMBER 19, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Statutes. Intestate Estates. After-acquired Property.*

Where a will was executed February 18, 1895, and testator deceased subsequent to February 1, 1896, leaving after-acquired real estate not disposed of by the will, the land descends as intestate estate ; the will being construed, under Gen. Laws R. I. cap. 203, § 45, according to the law in force prior to February 1, 1896.

(2) *Construction of Statutes. Wills.*

The distribution of such estate among the heirs at law will be governed by the provisions of Gen. Laws R. I. cap. 216, § 21, rather than by Pub. Stat. R. I. cap. 187, § 21.

(3) *Repeal of Statutes.*

The provisions of Pub. Stat. R. I. cap. 187, § 21, are, under Gen. Laws R. I. cap. 298, § 1, repealed by Gen. Laws R. I. cap. 216, § 21.

(4) *Construction of Statutes. Intestate Estate. Wills.*

The limiting clause in Gen. Laws R. I. cap. 203, § 45, as to the law governing a will executed prior to the passage thereof, is expressly restricted in its application to the new provisions of that chapter. Chapter 203 does not apply to the mode of descent or division of real estate not disposed of by will, those subjects being regulated by chapter 216, which is not limited in its immediate application to all cases arising after it went into effect.

PETITION FOR AN OPINION.   Heard on agreed statement of facts.   The facts are fully stated in the opinion.

DOUGLAS, J.   The question presented by this case arises upon the following facts :

(1)   Charles E. Hawes, on February 18, 1895, made his last will, which did not dispose of after-acquired real estate.   He died possessed of land in Providence which he acquired after the execution of his will, leaving as heirs two brothers, Josiah J. Hawes and Edward Hawes ; a sister, Elizabeth J. May ; and a niece, Martha M. Hawes.

As this will is to be construed according to the law in

force previous to February 1, 1896, Gen. Laws R. I. cap. 203, § 45, the land referred to descended as intestate estate.

By his will he gave to Josiah J. Hawes, Martha M. Hawes, and Elizabeth J. May $2,000 each, and to Edward Hawes $100. Mrs. May survived her brother, and died leaving a will under which Katherine M. Kimball and Julia F. May take the interest of Elizabeth J. May in the estate of Charles E. Hawes.

(2) At the time of the execution of the will of Charles E. Hawes, section 21 of chapter 187 of the Public Statutes was in force, as follows:

" Whenever any person shall die, leaving a last will and testament duly executed, and shall at the time of his decease be seized of any real estate not disposed of by such will, if acquired subsequently to the execution thereof, the said estate may be divided among the heirs at law, but in making such division, every bequest and devise in the same will contained to any of the heirs shall be deemed and taken as an advancement to such heirs."

Section 21, chapter 216, of the General Laws went into effect February 1, 1896 (Gen. Laws cap. 297, § 1), as follows: " Whenever any person shall die leaving a last will and testament, duly executed, and shall at the time of his decease be seized of any real estate not disposed of by such will, such estate shall be divided among the heirs at law of the deceased in the same manner as though he had left no will."

Edward Hawes contends that the legacies in the will are to be taken as advancements under the provisions of the statute in force at the time the will was made; and that the shares of the several legatees in the after-acquired real estate should be modified accordingly. The other heirs contend that the case is governed by the statute in force at the time of the testator's death, and that the intestate estate passed to the heirs in four equal parts.

We think the first contention is untenable. The sections under consideration are found in chapters of the Public Statutes and of the General Laws having the same title, " Of descent, distribution, division and advancement," and treat-

ing of the same subjects.   The mere omission in the later law, of the clause providing for an unequal division in the former one might well be construed as a repeal of it.

(3)     Chapter 298, section 1, of the General Laws expressly provides : "All acts and parts of acts, the subjects whereof are revised and re-enacted in this revision, or which are repugnant to the provisions therein contained, shall be repealed on and after the first day of February, in the year eighteen hundred and ninety-six, with the exceptions and limitations hereinafter contained."

The language of the later statute is clearly repugnant to the former one.   The provision that the property in question shall be divided as if there were no will cannot mean that the division shall be made with reference to the terms of an existing will.

The statute leaves the testator's will its full operation upon such property as he has seen fit to include within its provisions, but divides equally among his heirs any real estate of which he died seized, whether acquired before or after the execution of his will, which he did not choose to dispose of himself.

There is nothing in either statute that refers to the time when the decedent's will is made ; the time of application of the statute to the subject-matter is in each case "whenever any person shall die," etc.

(4)     The only consideration urged in favor of the first claim is based upon a provision of the General Laws contained in chapter 203, "Of disposal of property by last will."   Section 45 is as follows :

"This chapter and the provisions thereof shall not extend to any will made and executed prior to the first day of February, eighteen hundred ninety-six, except as to those provisions hereof which contain substantially the same provisions of any statute of this State existing at the time of the making and execution of such will and applicable thereto ; but the law in force at the time of the execution of such will made and executed prior to said date, shall govern the same."

It is sufficient answer to this claim to say that none of the provisions of chapter 203 apply to the mode of descent or division of real estate not disposed of by will.

Section 30, which is a re-enactment of section 13 of chapter 182 of the Public Statutes and provides that "all estate, real and personal, not devised or bequeathed in the last will and testament of any person shall be distributed in the same manner as if such person had died intestate," does not assume to say how intestate estate shall be divided or what shall be deemed an advancement to an heir. These subjects are regulated in chapters 187 of the Public Statutes and 216 of the General Laws. No such qualifying clause limits the immediate application of chapter 216 to all cases arising after it went into effect. And the limiting clause in chapter 203 is expressly restricted in its application to the new provisions of that chapter.

*C. Frank Parkhurst and McGuinness & Doran*, for parties.