[No. 1244, August 25, 1909.]

TERRITORY OF NEW MEXICO, Appellee, v. JOSEPH DIGNEO, Appellant.

SYLLABUS (BY THE COURT.)

1. Repeals of a statute by implication are not favored, but if two statutes are in part positively repugnant to each other, the older statute is repealed by implication to the extent of the repugnancy.

2. Section 1235, Compiled Laws of 1897, making it illegal to sell or give intoxicating liquors to minors, is still in force as to minors between the ages of eighteen and twenty-one years, and to that extent is not repealed by implication by Section 1270, Compiled Laws of 1897, and Section 1, Chapter 3, Laws of 1901, as those laws only legislate as to minors under the age of eighteen years, and not as to minors between the ages of eighteen and twenty-one years.

Appeal from the District Court for Santa Fe County before JOHN R. McFIE, Associate Justice. Affirmed.

A. B. RENEHAN for Appellant.

It is not unlawful to sell or give intoxicating liquor to a person over the age of eighteen years who is not a pupil at a school or college. C. L. 1897, sec. 1235, repealed by C. L. sec. 1270 and Laws 1901, chap. 3, sec. 1; 1 Fed. Stats. Ann. p. 110; Frost v. Wenie, 157 U. S. 58; Beals v. Hale, 4 How. 53; 1 Fed. Stats. Ann., p. 111; U. S. v. Greathouse, 166 U. S. 601.

JAMES M. HERVEY, Attorney General, for Appellee.

Territory v. Digneo.

· The Act of 1901 cannot be construed to repeal by implication section 1245 of C. L. 1897. Lewis Sutherland Stat. Const., 2 ed., secs. 247, 267, 252; U. S. v. Healey, 160 U. S. 136; Frost v. Wenie, 157 U. S. 58; Beals v. Hale, 4 Howard 53; U. S. v. Greathouse, 166 U. S. 601.

### OPINION OF THE COURT.

MILLS, C. J.—The single point involved in this case is whether or not it is unlawful under the laws of this Territory to sell or give intoxicating liquors to minors over the age of eighteen years without the consent of the parent or guardian of such minor.

Three laws have been passed by the Territorial Legislature in regard to the selling or giving of intoxicating liquors to minors, to-wit:

Sec. 1235 C. L. 1897, passed February 15, 1854, provides:

"If any person, by himself, or by his agent, shall sell or give any intoxicating liquor to any minor, without the consent of his parent or guardian * * * he shall be fined in a sum not less than $5.00 nor more than $50.00 *"

Section 1270, C. L. 1897, passed April 1, 1876, provides:

"Every person who shall sell, give or deliver to any minor under the age of eighteen years (such person not being the father, mother or guardian of such minor), any spirituous or fermented liquor * * * shall be punished by a fine not more than fifty nor less than five dollars, or by imprisonment not exceeding sixty days, at the discretion of the court."

Sec. 1, Ch. 3, L. 1901, provides:

"It shall be unlawful for any person to sell or give to any minor under the age of eighteen years, or to any pupil of any school or educational institution within this Territory, any intoxicating liquor or any cigars, cigarettes, or tobacco in any form, except upon the written consent of the parent of such minor or pupil."

The contention of the appellant is that Section 1270, Compiled Laws of 1897, and Section 1, Chap. 3, Laws of 1901, repeal by implication Section 1235, Compiled Laws

of 1897, not because they contain direct words of repeal, but because they are repugnant to it; while the contention of the appellee is that the several sections of our laws are not repugnant to each other, and that therefore there is no implied repeal of the earlier statute under which the appellant admits on page three of his brief the conviction could be sustained.

It is the rule that the repeal of any law by implication is not favored by the courts, but that it nevertheless results if the later enactment is repugnant to and absolutely irreconcilable with the provisions of the earlier law. In Frost v. Wenie, 157 U. S. 46, (which case is quoted approvingly in U. S. v. Healey, 160 U. S. 147), the court says: "It is well settled that repeals by implication are not to be favored. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. In other words, it must not be supposed that the legislature intended by a statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and, therefore, to displace the prior statute."

An eminent authority on statutory construction says:

"If the two statutes can be read together without contradiction, or repugnancy, or absurdity, or unreasonableness, they should be read together, and both will have effect. It is not enough to justify the inference of repeal that the latter law is different; it must be contrary to the prior law. It is not sufficient that the subsequent statute covers some or even all the cases provided for by the former, for it may be merely affirmative, accumulative or auxiliary; there must be positive repugnance; and even then the old law is repealed by implication only to the extent of the repugnancy." Lewis Sutherland on Statutory Construction, 2 ed., Section 267.

Bearing in mind the rule as enunciated by the highest court of our land, and by the learned author jurist quoted,

we will now consider whether or not effect can be given, either in whole or in part, to the three statutes which we refer to above.

The first law, that is the one approved February 15th, 1854, and which is compiled as Sec. 1235, Compiled Laws of 1897, makes it an offense for any person to sell or give any intoxicating liquor to a minor without the consent of his parent or guardian. This act does not state how such consent should be given.

The second act, approved April 1, 1876, and which is compiled as Sec. 1270, Compiled Laws of 1897, makes it an offence for any person, except their father, mother or guardian, to sell, give or deliver to any minor under the age of eighteen years, any spirituous or fermented liquor. Clearly this act is not in conflict with the whole of the Act of 1854. What it does is to take away the privilege which was in the old law, of allowing a parent or guardian to give consent to intoxicating liquors being given or sold to a minor under the age of eighteen years by any other person other than themselves. The parent or guardian could still give their consent to intoxicating liquors being given or sold to a minor between the ages of eighteen and twenty-one years, but they could not give their consent so that any other person could give or sell spirituous or fermented liquors to a minor, under the age of eighteen.

The third Act, Sec. 1, Chap. 3, Laws of 1901, does not change the law as it then stood, except by adding to it pupils of schools and educational institutions within the Territory, and also by including cigars, cigarettes and tobacco, as well as intoxicating liquors to the list of prohibited articles; and it also again re-enacts the provision which was the law of 1854, allowing the parent or guardian to consent to liquor being given or sold to a minor under the age of eighteen years; provided, that such consent was given in writing.

Neither the Act of 1876 or that of 1901, permits intoxicating liquors to be sold or given to minors over eighteen years of age, without the consent of their parents or guardians; nor do those Acts by implication repeal that

Territory v. Woodward, et al.

part of the Act of 1854, (Sec. 1235, Compiled Laws of 1897), relative to minors of the age of eighteen years or over. All of the provisions of the Acts of 1876 and 1901, are directed to minors under eighteen years of age, and not to those between eighteen and twenty-one years old.

We therefore hold that the Act of 1854 (Compiled as Sec. 1235, Compiled Laws of 1897), is still in force in this Territory, so far as it applied to minors over eighteen years old, and that it has not been repealed by implication; and as it is admitted by both parties to this proceeding that at the time the liquor was sold by appellant to Florencio Gonzales, the said Gonzales was a minor nineteen years old, and that he had not the consent of his parent or guardian to make the purchase, that the sale to him was an illegal act, and the judgment of the court below is therefore affirmed; and it is so ordered.

Cooley, A. J., and Mechem, A. J., not having heard the arguments took no part in this decision.