188 P.2d 334

### VETERANS' FOREIGN WARS, LEDBETTER–McREYNOLDS POST NO. 3015 v. HULL et al.

### No. 5018.

Supreme Court of New Mexico.

Dec. 30, 1947.

James J. McNamara, of Clovis, for appellant.

Lynell G. Skarda, Dist. Atty., of Clovis, for appellees.

LUJAN, Justice.

Appellant, as plaintiff, brought this action against appellees (Clerk and Treasurer of Curry County), as defendants, under authority of Chapter 143, Laws of 1935, 1941 Comp. 25-601, known as the Declaratory Judgment Act, to recover money paid under protest, as a license tax for operating a carnival within the County and beyond the limits of the City of Clovis, as imposed by the provisions of Chapter 79, Laws of 1931, 1941 Comp. § 62-410.

From a judgment of dismissal, plaintiff appeals

Appellant is a voluntary association of veterans of wars of the United States of America, known as Veterans' Foreign Wars, Ledbetter-McReynolds Post No. 3015. Through its authorized agents it entered into an agreement with a carnival company by which it was to receive 10 per cent. of the gross receipts of all places where tickets were sold and $5 per week from each concession where tickets were not sold, and that it would pay such taxes as might be assessed and levied against the company from its proceeds, the carnival company receiving the balance. The association paid the County Clerk the sum of $500 under protest.

The Court made the following findings of fact:

"No. 3. That during the month of April, 1946, plaintiff sponsored the exhibition of a carnival in Curry County, New Mexico, outside of the municipal boundaries of Clovis, New Mexico, and as part of its agreement with the operator of said carnival, the plaintiff agreed to pay, out of its part of the proceeds of said carnival, such tax-

es, if any, as might be assessed and levied by law.

"No. 4. That the taxes required to be paid by the said carnival company was an obligation of said carnival company, and not the obligation of the plaintiff.

"No. 5. That upon demand of the aforesaid County Clerk, made in accordance with the provisions of Chapter 79, Laws of 1931, plaintiff paid to the said County Clerk taxes in the sum of $500.00 for five (5) consecutive daily performances, which sum the said County Clerk thereupon paid to the aforesaid County Treasurer."

The Court concluded as a matter of Law:

"No. 2. That the license fee required to be paid, under the provisions of said Chapter 79, Session Laws of 1931, does not contravene Article 8, Section 1, of the Constitution of New Mexico.

"No. 3. That Chapter 79 of the New Mexico Session Laws of 1931 has not been repealed."

Three errors are assigned by plaintiff. First, it is claimed that the provisions of Chapter 79, Laws of 1931, are so vague and uncertain that they do not apply to carnivals. This Section reads as follows: "Every traveling or road show, circus, carnival * * * exhibition or amusement, of every kind and character, to which an admission fee is charged, given or exhibited within any county within the State of New Mexico and outside the limits of any incorporated city, * * * on or before holding, giving or conducting any performance thereof shall pay to the County Clerk * * * a license tax in the sum of One Hundred ($100.00) Dollars for each performance so given."

The term carnival has an extended signification, and comprehends a variety of amusements. As defined by Webster's New International Dictionary, Second Edition, it means, "an amusement enterprise consisting of sideshows, vaudeville, games of chance, merry-go-rounds, etc., also an association for conducting such an enterprise." It may be conceded, that its signification is broad enough to cover exhibitions of every kind and character from which an amusement is derived; yet it can by no means be said that the term "carnival" and "circus" are synonymous or can be used as convertible terms. They may both be arranged under the general term "amusement" but differ from each other as one species differs from another under the same genus. It may often be difficult to trace a dividing line between the term carnival and circus from the character of the exhibitions, with the exception,

perhaps, that a circus in addition to side-shows, and other attractions similar to a carnival, has three rings in which they perform, ordinarily.

The legislature having determined the propriety and policy of requiring a license tax for amusements of every kind and character, it would be difficult to state any reasonable ground for a distinction between circuses and carnivals which would justify the exaction of a license tax from one and the exemption of the other. They are amusements and there is no reason why one should bear the public burden more than the other. Both are places of popular diversion, and both attract large crowds of people, making additional police protection necessary. This assignment is without merit.

It is next contended by appellant, that the provisions of the above mentioned law are in violation of Article 8, Section 1, of the Constitution of New Mexico, in that the tax levied in said Act lacks territorial equality and uniformity; and is accordingly void. This section has no application to license or privilege taxes. State ex rel. Taylor v. Mirabal, 33 N.M. 553, 273 P. 928, 62 A.L.R. 296; State Office Building Commission v. Trujillo, 46 N.M. 29, 44, 120 P.2d 434.

In the enactment of the above law the Legislature was privileged to make a classification in respect to public amusements which would be subject to the act. It is within the power of the legislature to reasonably differentiate in taxes imposed on various classes of amusements, and until it is shown that it has clearly exceeded its authority and the restrictions by which it is controlled, the courts will not interfere. Brooks v. State, Tex.Civ.App., 58 S.W. 1032; Texas Company v. Stephens, 100 Tex. 628; 103 S.W. 481; Magoun v. Illinois Trust & Sav. Bank; 170 U.S. 283, 18 S.Ct. 594, 42 L.Ed. 1037; Orient Ins. Co. v. Daggs, 172 U.S. 557, 43 L.Ed. 552, 19 S.Ct. 281, 43 L.Ed. 552; Louisville & N. R. Co. v. Melton, 218 U.S. 36, 30 S.Ct. 676, 54 L.Ed. 921.

It is finally contended that the provisions of Chapter 79 supra were repealed by Chapter 167, Laws of 1941.

While repeal of statutes by implication is recognized, it is not favored, and that conclusion will not be indulged unless the later act is so repugnant to the earlier as to render the repugnancy or conflict between them irreconcilable. A court will always, if possible, adopt that conclusion which, under the particular circumstances in a given case, will permit both laws to stand and be operative. Levers v. Houston, 49 N.M. 169, 159 P.2d 761; State v. Melandrez, 49 N.M. 181, 159 P.2d 768.

It is to be noted that 10% of the revenue derived from the tax assessed pursuant to Chapter 167, Laws of 1941, is credited to the Bureau of Revenue and the balance to the State equalization fund, while the revenue derived by virtue of Chapter 79, Laws of 1931, is distributed as other county licenses, one-half to the general school fund and the other half to the county general current fund. Thus, the beneficiaries of the revenue are entirely different, one being the state and the other the county. Likewise, the rate is wholly different under the two Acts. The later bases the tax upon the charge for admission and the earlier one sets a flat fee of $100 for each individual performance given. Obviously the only thing the acts have in common is the subject of taxation. The taxing units being separate there is nothing improper in the procedure, 51 Am.Jur. (Taxation) Section 288, p. 341; State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701; Amarillo-Pecos Valley Truck Lines, Inc., v. Gallegos, 44 N.M. 120, 99 P.2d 447. The taxes are uniform on subjects of like kind and nature. We find that the later Act expressly recognizes that the counties have a continuing right to license the subject, for it is said:

"Section 3. * * * conditioned that the applicant will pay any and all excise taxes or license fees levied by this Act, by any municipal ordinance, and by any of the laws of the State of New Mexico."

"Section 5. No municipality or county *shall license or authorize* any person to engage in the business of conducting an itinerant amusement enterprise unless the applicant has first complied with all of the provisions of this Act and has executed the bond required in Section 3 of this Act.

"Section 6. Nothing contained in this Act shall be construed to impair the right of any municipality to levy and assess any occupation tax against any itinerant amusement enterprise, but the *taxes levied hereunder shall be in addition to all other taxes, fees and charges.*" (Emphasis ours.)

The only power that counties have to levy a license tax on carnivals is that given them by Chapter 79, supra. There could be no doubt but that the Legislature contemplated the continuing force of the earlier law, otherwise the expression underlined would not have been used in the later Act.

The question is not raised as to whether the plaintiff in this action is an entity authorized to sue; accordingly, the matter is not before us for decision.

There being no conflict or irreconcilability between the statutes in issue and no expression of an intent to repeal, but rath-

er a specific recognition of the earlier law, there could be no repeal by implication.

Finding no error, the judgment will be affirmed and it is so ordered.

BRICE, C. J., and SADLER and Mc-GHEE, JJ., concur.

COMPTON, J., did not participate.