230 P.2d 243

STOKES et al. v. NEW MEXICO STATE BOARD OF EDUCATION et al.

No. 5343.

Supreme Court of New Mexico.

April 14, 1951.

Quinn & Cox, Clovis, for appellants.

Joe L. Martinez, Atty. Gen., and Philip H. Dunleavy, Asst. Atty. Gen., for appellees.

COMPTON, Justice.

The basic question is whether elections are required on the proposition of consolidating school districts.

The State Board of Education entered an order consolidating rural district No. 10 with Portales, a municipal district. Appellants, F. H. Stokes and J. S. Riley, patrons of the rural district, challenge the action of the board on the grounds, (a) that no election had been held in the districts approving the question of consolidation, (b) that substantial economies had not been affected and (c), that standards of education had not been improved by reason of the consolidation. They also charge that the consolidation was arbitrary and unreasonable. Intervenors, M. C. Pate and Minnie Pate, claim that the school buildings in district No. 10 have been abandoned for school purposes, and due to a reversionary clause in the deed from them to the County Board of Education, they are entitled to a return of the premises, in the event appellees are successful. Appellees' answer contains certain admissions but denies all material matters. The findings material to a decision, are:

4. That no election was held in either Arch School District No. 10 or Portales School District No. 1 upon the question of consolidating the Arch School District with the Portales School District.

6. That on August 29, 1949, the State Board of Education of the State of New Mexico, after a competent survey by said Board, issued its Order consolidating Arch School District No. 10, Roosevelt County, New Mexico, and Portales School District No. 1, Roosevelt County, New Mexico.

7. That consolidation of the said school districts effected substantial economies.

8. That the consolidation of said school districts improved the standard of education.

9. That the discretion exercised by the State Board of Education in its order of consolidation was not arbitrary or unreasonable.

10. That the school site upon which Arch School District No. 10 is located has not ceased to be used as a school site.

The pertinent statutes are:

"The said board shall have the same powers and duties respecting its districts and schools as are possessed by county boards of education. It shall also employ a superintendent who shall meet such requirements as may be specified by the state board of education. It may also employ an office clerk who shall be nominated by the superintendent and subject to his direction, and who shall keep an accurate file of all school records and other official matters in the superintendent's office. Changes or consolidations shall be ordered jointly by the municipal and county boards of education where such changes or con-

solidations affect both municipal and rural districts. Consolidations of two (2) or more contiguous municipal school districts shall be ordered jointly by the boards of education of the municipal school districts affected. *Petitions for changes and consolidations shall be filed and elections held in substantially the same manner as in the case of rural school districts except that if a majority of the votes cast at such election shall be in favor of consolidation or change it shall be made upon order of the state board of education."* § 55–907, 1941 Comp.

*"The State Board of Education,* as soon as practical after the effective date of this Act and prior to the first day of June, 1941 and on or before the first day of April of each year thereafter, *shall cause to be made a survey in the several Counties of the State in co-operation with the State Transportation Director for the purpose of determining the feasibility of making consolidations so as to effect the greatest possible economies and so that proper educational facilities may be furnished to all the school children of the State.* * * *

"Whenever any County Board of Education shall determine by resolution that substantial economies can be affected and standards of education improved by the consolidation of any two or more rural school Districts within the County and shall furnish a copy of such resolution to the State Board of Education, the State Board of Education may order the consolidation of such Districts; and likewise, *when the State Board of Education shall determine and make definite findings at the conclusion of any survey made under the provisions of this Act that substantial economies can be affected and the educational standards raised by the consolidation of any two or more school Districts, said Board may order the consolidation of such Districts."* Sections 1 and 3, Chapter 123, Laws 1941. (Emphasis ours.)

Appellants insist that § 55–907, supra, is controlling and that failure to conduct an election as provided thereby renders the order of consolidation a nullity. Appellees claim that the section is repealed by Chapter 123, Laws of 1941. Section 55–907, supra, was not specifically repealed by the latter Act and it is a general rule that repeals by implication are not favored. The following are but a few of the cases so holding. Hahn v. Sorgen, 50 N.M. 83, 171 P.2d 308; Territory v. Digneo, 15 N.M. 157, 103 P. 975; State v. Melendrez, 49 N.M. 181, 159 P.2d 768; State v. Moore, 40 N.M. 344, 59 P.2d 902; V. F. W. v. Hull, 51 N.M. 478, 188 P.2d 334. But if it is necessary to give legislative intent to a later Act, repeals are looked upon with favor. Ellis v. New Mexico Construction Co., 27 N.M. 312, 319, 201 P. 487; Baca v. Board of Com'rs of Bernalillo County,

10 N.M. 438, 62 P. 979; and State ex rel. People's Bank & Trust Co. v. York, 24 N.M. 643, 175 P. 769. We believe the case comes within the exception.

■ In discussing the exception, in Ellis v. New Mexico Construction Co., supra, we said: " * * * A statute is repealed by implication, though such repeal is not favored, where the legislative intent is manifest that the latter statute should supersede the former, and such intent is manifest where the Legislature enacts a new and comprehensive body of law which is so inconsistent with and repugnant to the former law on the same subject as to be irreconcilable with it, and especially does this result follow where the latter act expressly notices the former in such a way as to indicate an intention to abrogate. 6 Am. & Eng. Ency. of Law, 720; Baca v. [Board of] County Commissioners, 10 N.M. 438, 62 P. 979; U. S. v. Claflin, 97 U.S. 546, 24 L.Ed. 1082; Howard v. Hulbert, 63 Kan. 793, 66 P. 1041, 88 Am.St.Rep. 267; Gymnastic Assoc. of South Side Milwaukee v. City of Milwaukee, 129 Wis. 429, 109 N.W. 109. The latter act (chapter 42, Laws 1903, sections 3665 to 3671, Code 1915) covering the entire subject, embracing all the law pertinent thereto and furnishing a new and comprehensive system of procedure, makes it clear that the Legislature intended to supersede prior acts relating to the same subject, and this result is to be derived even in the absence of re-

pugnancy and inconsistency. Harold v. State, 16 Tex.App. 157; State v. B[enevolent] P. O. E., 69 Miss. 895, 13 So. 255; In re Hawes, 22 R. I. 312, 47 A. 705."

■ The statutes are inconsistent and applying the foregoing principle, it is our conclusion that it was the intention of the legislature to provide a method for the consolidation of schools without the necessity of an election on the question. It would now appear that economy and the raising of educational standards are made the determining factors in matters of consolidation.

■ While the order consolidating the districts states that substantial economies are affected and that standards of education will be improved, it fails to state that it was made as a result of a previous survey by the State Board. Appellants try to magnify the force of this incomplete order. This is unimportant since it clearly appears that the consolidation was made as a result of a previous survey made by the State Director of Transportation as well as upon the recommendation of the County Board. Such surveys began as early as 1933 and have been conducted annually thereafter, including 1948–1949.

■ The location of school buildings in district No. 10, is at Arch, New Mexico, some 18 miles from Portales. There are about 85 students in the district. Previously, district No. 10 had three teachers, but on account of the decline in daily at-

tendance the number was reduced to two. For the past 15 years high school students have attended the Portales schools. Two busses covered the district, meeting at a given point where grade school students were transferred to Arch and the high school students were transferred to Portales. But as a result of the consolidation, the students are now afforded the additional advantages of music, art, safety, etc. Also, there is substantial reduction in bus mileage and an annual over-all financial saving of approximately $4,400. Substantial economies and higher education standards are thus apparent.

■■ There remains to be decided the question whether the intervenors are entitled to a reversion of the school premises. There is now conducted thereon a veterans farm training program, meeting semi-weekly. Ample budgetary provisions for its continuance and the maintenance of buildings are provided. Presently, the municipal board has no intention of abandoning the premises. What the future may hold for district No. 10 is unpredictable but at the present, their plea was properly denied. Cf. Corn v. Hyde, 26 N.M. 36, 188 P. 1102; Board of Education of Borough of West Paterson v. Brophy, 90 N.J.Eq. 57, 106 A. 32; McCullough v. Swifton Consolidated School District, 202 Ark. 1074, 155 S.W.2d 353; Swink v. City of Dallas, Tex.Com.App., 36 S.W.2d 222; Bernard v. Bowen, 214 N.C. 121, 198 S.E. 584; Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 114 A.L.R. 984; Kladivo v. Melberg, 210 Iowa, 306, 227 N.W. 833; and Stinnett v. Kinslow, 238 Ky. 812, 38 S.W.2d 920. The findings are amply supported by the evidence and will not be disturbed on appeal.

The conclusion reached renders moot a discussion of the nature of the estate held by the Roosevelt County Board.

Finding no error, the judgment is affirmed.

It Is So Ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

COORS, J., not participating.