591 P.2d 281

**DAIRYLAND INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Stewart ROSE, as Administrator of the Estate of Thomas Kimbriel, Deceased, Defendant-Appellee.**

**No. 12152.**

Supreme Court of New Mexico.

Feb. 28, 1979.

LeRoi Farlow, Sarah M. Bradley, Albuquerque, for plaintiff-appellant.

William H. Carpenter, Albuquerque, for defendant-appellee.

## OPINION

FEDERICI, Justice.

On November 19, 1975, Thomas Kimbriel was involved in an automobile accident resulting in his death. At the time of the accident Kimbriel was covered by an insurance contract with Dairyland Insurance Company (appellant) providing for uninsured motorist protection.

Following Kimbriel's death, Stewart Rose (appellee), administrator and personal representative of the estate of Thomas Kimbriel, made written demand for arbitration pursuant to the Dairyland policy. Appellant filed a reply to the demand for arbitration. A hearing was held before the appointed arbitrator and a decision was entered awarding damages to appellee.

Appellant filed a complaint in district court pursuant to § 66–5–303, N.M.S.A.1978 (formerly § 64–24–107, N.M.S.A.1953), for an appeal de novo from the arbitration award. Appellee's motion to dismiss the appeal was granted and this appeal followed.

The trial court held that (1) a provision in the insurance policy reflected an intention by the parties that arbitration be binding, and (2) that § 66–5–303, allowing an appeal de novo from an arbitration award, was superseded or repealed by implication by the enactment of the New Mexico Uniform Arbitration Act, § 44–7–1, et seq., N.M.S.A. 1978 (formerly § 22–3–9, et seq., N.M.S.A. 1953 (Supp.1975)).

As to the trial court's conclusion that the policy reflected an intention by the parties that arbitration be binding, appellant argues that when a policy provision is in conflict with the law, the policy provision must fall.

The policy of insurance contains the following provision:

G. *Arbitration*

If any person making claim hereunder and the company do not agree that such

person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

We are aware of the case law in New Mexico which holds that where the provisions of a policy of insurance conflict with, or do not contain, the statutory requirement, the statute controls. *Chavez v. State Farm Mutual Automobile Ins. Co.*, 87 N.M. 327, 533 P.2d 100 (1975); *Willey v. Farmers Insurance Group*, 86 N.M. 325, 523 P.2d 1351 (1974); *Sloan v. Dairyland Insurance Company*, 86 N.M. 65, 519 P.2d 301 (1974). However, these cases do not control the result we reach here. Even if we were to apply the rules announced, we still must determine whether the uninsured motorist insurance law, § 66–5–303, or the New Mexico Uniform Arbitration Act, applies in this case.

Appellant asserts that § 66–5–303 was not superseded or repealed by implication by the enactment of the New Mexico Uniform Arbitration Act as the trial court concluded. We disagree.

Section 66–5–303 reads:

*Uninsured motorist—judicial review of arbitration award.*

—Any party aggrieved by an arbitration award entered in any controversy arising under an *insured* motorist provision of a motor vehicle or automobile liability insurance policy may, within thirty days [30] after entry of the arbitration award, appeal to any district court having venue of the action. The appeal shall be "de novo." (Emphasis added.)

We note that the above statute refers to "an *insured* motorist provision". In whatever context the term "insured" is taken, there is little doubt that the intent of the Legislature in enacting this section was to refer to "an *uninsured* motorist provision". We reach this conclusion in view of the inclusion of the term "uninsured motorist" in the title of the Act and the paragraph heading of § 66–5–303, quoted above. In any event, if the Legislature intended to refer to an "insured motorist provision", § 66–5–303 would not be applicable to this case and the issue of repeal by implication would be rendered moot.

Section 44–7–12 of the Uniform Arbitration Act provides:

*Vacating an award.—*

A. Upon application of a party, the court shall vacate an award where:

(1) the award was procured by corruption, fraud or other undue means;

(2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) the arbitrators exceeded their powers;

(4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 5 [44–7–5 NMSA 1978], as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section 2 [44–7–2 NMSA 1978] and the party did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

B. An application under this section shall be made within ninety [90] days after delivery of a copy of the award to the applicant except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety [90] days after such grounds are known or should have been known.

C. In vacating the award on grounds other than stated in paragraph (5) of subsection A the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with section 3 [44–7–3 NMSA 1978], or if the award is vacated on grounds set forth in paragraphs (3) and (4) of subsection A the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with section 3 [44–7–3 NMSA 1978]. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

D. If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

■ We are committed to the following rules of statutory construction:

(1) Repeals by implication are not favored unless necessary to give effect to obvious legislative intent; (2) the enactment of a new and comprehensive law covering the whole subject matter which is inconsistent with and repugnant to the prior law manifests legislative intent to repeal the earlier statute, or so much thereof as may be in conflict with the later one. *Stokes v. New Mexico State Board of Education,* 55 N.M. 213, 230 P.2d 243 (1951).

*Buresh v. City of Las Cruces,* 81 N.M. 89, 90, 463 P.2d 513, 514 (1969).

In *Stokes v. New Mexico State Board of Education,* 55 N.M. 213, 217, 230 P.2d 243, 245 (1951) the Court, quoting from *Ellis v. New Mexico Construction Co.,* 27 N.M. 312, 319, 201 P. 487, 490 (1921), said:

A statute is repealed by implication, though such repeal is not favored, where the legislative intent is manifest that the latter statute should supersede the former, and such intent is manifest where the Legislature enacts a new and comprehensive body of law which is so inconsistent with and repugnant to the former law on the same subject as to be irreconcilable with it . . . .. The latter act (chapter 42, Laws 1903, sections 3665 to 3671, Code 1915) covering the entire subject, embracing all the law pertinent thereto and furnishing a new and comprehensive system of procedure, makes it clear that the Legislature intended to supersede prior acts relating to the same subject . . . . .

55 N.M. at 217, 230 P.2d at 245.

■ In this jurisdiction the Legislature and the courts have expressed a strong policy preference for resolution of disputes by arbitration. This policy is reflected in § 44–7–1, which provides:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*See also Bernalillo Cty. Med. Center Emp. v. Cancelosi,* 92 N.M. 307, 587 P.2d 960 (1978).

■ The legislative history of the two acts involved here lends support to the view that the New Mexico Uniform Arbitration Act was intended to supersede the de novo trial provision of the uninsured motorist insurance law.

The arbitration provisions found in § 22–3–1, et seq., N.M.S.A.1953 were enacted in 1859. This statute only authorized arbitration with respect to presently existing controversies. It was generally assumed that an arbitration clause in an uninsured motorist policy, similar to appellant's in this case, would be held unenforceable under this statute because the disputes which would arise would not be present or existing controversies at the time of the signing of the policy, but would instead be future disputes.

In 1969, with the purpose of making uninsured motorist arbitration provisions enforceable, the New Mexico Legislature passed the "de novo" appeal statute, now found in § 66–5–303.

In 1971, the Legislature enacted the New Mexico Uniform Arbitration Act, § 44–7–1, et seq., which expressly authorizes agreements to submit future controversies to arbitration. This Act was patterned after the Uniform Arbitration Act as approved in 1955 by the National Conference of Commissioners on Uniform State Laws.

■ It appears to the Court that the legislative intent in enacting the Uniform Arbitration Act, and the policy of the courts in enforcing it, is to reduce caseloads in the courts, not only by allowing arbitration, but also by requiring controversies to be resolved by arbitration where contracts or other documents so provide. Any other interpretation would render meaningless the intent that proceedings under the New Mexico Uniform Arbitration Act be final.

The order of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, Senior Justice, and PAYNE, J., concur.