No. 82-23

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

THE STATE OF MONTANA, ex rel., COLONEL
JOE R. SOL, Chief, Montana Highway
Patrol,

                    Plaintiff and Respondent,

    -vs-

VERNON JOHN BAKKER,

                    Defendant and  Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
William J. Speare, Judge presiding.

Counsel of Record:

    For Appellant:

                Berger, Sinclair and Nelson; James Sinclair,
Billings, Montana

    For Respondent:

                Hon. Mike Greely, Attorney General, Helena,
Montana
Harold F. Hanser, County Attorney, Billings,
Montana

Submitted on Briefs:  May 20, 1982

Decided:  August 11, 1982

Filed: AUG 11 1982

_Thomas J. Kearney_
Clerk

"Declaration of speed limits -- exception to the rule. The attorney general shall declare by proclamation filed with the secretary of state a speed limit for all motor vehicles on all public streets and highways in the state whenever the establishment of such a speed limit by the state is required by federal law as a condition to the state's continuing eligibility to receive funds authorized by the Federal Aid Highway Act of 1973 and all acts amendatory thereto or any other federal statute. The speed limit may not be less than that required by federal law, and the attorney general shall by further proclamation change the speed limit adopted pursuant to this section to comply with federal law. Any proclamation issued pursuant to this section becomes effective at midnight of the day upon which it is filed with the secretary of state. A speed limit imposed pursuant to this section is an exception to the requirements of 61-8-303 and 61-8-312, and speed in excess of the speed limit established pursuant to this section is unlawful notwithstanding any provision of 61-8-303 and 61-8-312." Section 61-8-304, MCA.

"Speed restrictions --- basic rule. (1) A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.

"(2) Where no special hazard exists that requires lower speed for compliance with subsection (1) of this section, the speed of a vehicle not in excess of the limits specified in this section or established as authorized in 61-8-309, 61-8-310, 61-8-311, and 61-8-313 is lawful, but a speed in excess of those limits is unlawful:

"(a) 25 miles per hour in an urban district;

"(b) 35 miles per hour on a highway under construction or repair;

"(c) 55 miles per hour in other locations during the nighttime, except that the nighttime speed limit on completed sections of interstate highways is 65 miles per hour.

"(3) 'Daytime' means from one-half hour before sunrise to one-half hour after sunset. 'Nighttime' means at any other hour.

"(4) The speed limits set forth in this section may be altered by the highway commission as

authorized in 61-8-309, 61-8-310, and 61-8-313.

"(5) The driver of a vehicle shall, consistent with subsection (1), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when aproaching and going around a curve, when approaching a hill crest, when traveling upon a narrow or winding roadway and when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway condition." Section 61-8-303, MCA.

"<u>Special speed limitations on trucks, truck tractors, motor-driven cycles, and vehicles towing housetrailers.</u> No person shall operate any truck or truck tractor the gross weight of which exceeds 8,000 pounds at a speed greater than 65 miles per hour on those completed sections of interstate and four-lane divided highways and 60 miles per hour on those completed sections of primary and secondary highways. However, the truck nighttime speed limit shall not exceed that of automobiles as stated in 61-8-303.

"(2) No person shall operate any motor-driven cycle at any time mentioned in 61-9-201 at a speed greater than 35 miles per hour unless such motor-driven cycle is equipped with a headlamp or lamps which are adequate to reveal a person or vehicle at a distance of 300 feet ahead.

"(3) No person shall operate a vehicle which is towing a housetrailer at a speed greater than a maximum of 50 miles per hour." Section 61-8-312, MCA.

The defendant argues that Section 61-8-312, MCA, has been preempted by the provisions of Section 61-8-304, MCA. In the instant case, action began when the State of Montana charged defendant as a habitual traffic offender. Defendant contends that with the enactment of Section 61-8-304, MCA, by the 1974 legislature, and with its subsequent amendment by the 1979 legislature, Section 66, Chapter 421, that under the established rules of statutory construction our legislature clearly intended that Section 61-8-304, MCA, is the controlling statute and preempts Section 61-8-312, MCA, as to speeding offenses. Montana Department of Revenue v. American Smelting and Refining (1977), 173 Mont. 316, 567 P.2d 901, 906; Matter of Senate Bill No. 23, Chapter 491, Montana Session Laws of 1973 (1975), 168 Mont. 102, 540 P.2d 975; Hammill v. Young (1975), 168 Mont. 81,

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an Order of the District Court of the Thirteenth Judicial District, County of Yellowstone, adjudging Bakker to be a habitual traffic offender and directing him to surrender his drivers license to the Montana Highway Patrol.

The complaint was filed seeking to declare defendant a habitual traffic offender. Thereafter the order to show cause was issued by the District Court requiring him to appear on August 12, 1981. Defendant secured counsel and appeared before the Honorable William J. Speare, sitting without a jury, who determined that defendant was a habitual traffic offender under the provisions of our code.

Bakker is a twenty-nine year old truck driver employed by Wymont Beverages. His sole means of support is that of driving trucks. His driving record, as introduced at the hearing showed an accumulation of a status of thirty (30) habitual offender points. The thirty (30) points represent an accumulation of ten (10) speeding violations under the provisions of Section 61-8-312, MCA. These violations occurred between January 15, 1979, and April 20, 1981. During that period the record indicated that the Montana Highway Patrol had corresponded with the defendant warning him of the acccumulation of points and counseling him about future violations and the possible loss of his license.

Following post-trial motions for a new trial and to amend findings of fact and conclusions of law, and denial of same, the defendant filed his notice of appeal. The District Court entered an order, pursuant to a stipulation between the parties, staying judgment pending a decision by this Court.

The sole issue before this Court is whether Section 61-8-312, MCA, has been preempted by provisions of Section 61-8-304, MCA.

Three sections of our code are before us in considering the issue presented.

540 P.2d 971.

We find no argument with the cases cited and have long adhered to the position that in construing a statute the intention of the legislature must be followed, if possible. Section 1-2-102, MCA. However, the intention of legislature must first be determined from the plain meaning of the words used, and if the meaning of the statute can be determined, courts may not go further and apply any other means of interpretation. State ex rel Zander v. District Court (1979), _____ Mont. _____, 591 P.2d 956, 36 St.Rep. 489; Haker v. Southwestern Ry Co. (1978), 176 Mont. 364, 578 P.2d 724. In this case the intent of the legislature can be ascertained from the plain meaning as written.

Section 61-8-304, MCA, makes clear that it is an exception to Sections 61-8-303, MCA, and 61-8-312, MCA, which establish the speed limit at 55 miles per hour. The basic rule statute Section 61-8-303, MCA, provides in subsection (2)(c) that a nighttime speed in excess of 65 miles per hour on the interstate highway is unlawful. The defendant was cited under Section 61-8-312, MCA, which provides that the speed limit for trucks is 65 miles per hour on interstate and four-lane divided highways, and 60 miles per hour on other highways. In addition, it restricts the nighttime speed limit for trucks as the same for automobiles, as stated in Section 61-8-303, MCA.

Here the clear meaning of the statute can be determined according to the plain-meaning rule. As set forth in Sections 61-8-303, MCA, and 61-8-312, MCA, it is obvious that these sections set the speed limits at 60 miles per hour and 65 miles per hour, and that Section 61-8-304, MCA, specifically provides that notwithstanding those limits, a speed above 55 miles per hour is unlawful as pursuant to that statute. Therefore, as in this case, a truck exceeding the 50 mile per hour speed limit on a completed section of the interstate, but not exceeding the 65 mile per hour speed limit, would be charged under Section 61-8-304, MCA. However, in the event that the truck exceeded the

rate of 65 miles per hour on such a stretch of highway, the driver would be charged under Section 61-8-312, MCA. Rating these two speed limit statutes it is clear that Section 61-8-304, MCA, ensures that it is understood that speeds between 55 and 65 miles per hour are also unlawful. This is made clear by the last sentence of Section 61-8-304, MCA, which indicates that the legislature intended that Section 61-8-312, MCA, remained in effect.

In further clarification of our interpretation as given above, we look to other rules of statutory construction for guidance. That next step in the process of interpretation is looked to the purpose of the statute for guidance in its meaning. See State v. Weese (1982), _____ Mont. _____, 616 P.2d 371, 37 St.Rptr. 1620 at 1622.

The purpose of Section 61-8-304, MCA, was simply to put a law on the books that would ensure the continued receipt of federal highway funds, yet, impose no real penalty or hardship on violators. This is evidenced by the minimal $5 (five) fine, and the fact that no points are accessed for violation. See Chapter 60, Laws of Montana (1974). That act provides that the speed limit established by the attorney general shall terminate whenever such speed limit is no longer required by federal law. Section 3, Chapter 60, Laws of Montana (1974).

The purpose of that portion of the statute, or that which is now Section 61-8-304, MCA, was not to revise the statutory scheme relating to speed limits in general. This is made clear by reading of Section 61-8-305(2), MCA, and Section 61-8-306(5), MCA. Those sections basically provide that the local law may establish lower speed limits than that declared by the attorney general. In addition, to make the intent of the act perfectly clear, Section 7, Chapter 60, Laws of Montana (1974), now codified as Section 61-8-307, MCA, provides:

> "This act in no way affects traffic control statutes and violations of existing statutes shall be prosecuted solely as provided therein."

Obviously, the clear intent of the legislature was to enact a new law when it passed Chapter 60. But, the laws were for a limited purpose, and that purpose was achieved by setting further exceptions to existing traffic laws and without rewriting the entire traffic regulation body of law.

Finally, we note that the appellant argues that Section 61-8-304, MCA, "preempts" other sections, and in so doing, provides for "implied repeal" argument. It has been the long-established rule that repeals by implication are not favorites. Repeals by implication are not favored and courts will make every effort to reconcile the statutes in questions to avoid repeals. Kuchan v. Harvey (1978), _____ Mont. _____, 585 P.2d 1298, 35 St.Rep. 1547. See also Lee v. State of Montana (1981), _____ Mont. _____, 635 P.2d 1282, 38 St.Rep. 1729. Mead, Samuel and Co., Inc. v. Dyar (1980), 127 Ariz. 565, 622 P.2d 512.

Based on the above rules of statutory construction, we find it clear that the Montana state legislature did not intend to rewrite the traffic regulations, and that Section 61-8-304 is simply an exception to the other statutes. Here the legislature only passed the section in order to ensure a continued receipt of federal highway funds. Section 61-8-304, MCA, as far as Sections 61-8-303, MCA, and 61-8-312, MCA, are concerned, applies only to speed limits between 55 miles per hour and either 60 or 65 miles per hour depending upon the type of highway offense incurred thereon.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices