MR. JUSTICE WEBER,
dissenting:
The majority opinion demonstrates a genuine concern for Montana borrowers who have executed trust indentures in the purchase of their homes. Unfortunately, a similar concern has not been demonstrated for the lenders. I conclude that the majority opinion is unjust in its disregard of the contracts between lenders and borrowers.
The issue before us can be determined by the text of the controlling statutes. If the meaning of the statutes can be determined from the plain meaning of the words in the statutes, this Court may not go further and apply other means of interpretation. State ex rel. Sol v. Bakker (1982), 199 Mont. 385, 390, 649 P.2d 456, 459.
“Section 71-1-304(3), MCA, states:
“A trust indenture executed in conformity with this part may be foreclosed by advertisement and sale in the manner hereinafter provided or, at the option of the beneficiary, by judicial procedure as provided by law for the foreclosure of mortgages on real property
This statute clearly provides two options for foreclosure: (1) advertisement and sale “in the manner hereinafter provided,” and (2) judicial procedure as provided by law for the foreclosure of mortgages on real property.
The statute prohibiting deficiency judgments, Section 71-1-317, MCA, applies “[w]hen a trust indenture executed in conformity with this part is foreclosed by advertisement and sale” (Emphasis supplied). Under the plain meaning of the words of the statute, Section 71-1-317, MCA, does not prohibit a deficiency judgment when the lender elects the second option, that being judicial procedure for the *65 foreclosure of mortgages on real property. I therefore conclude that the statutory prohibition of deficiency judgments does not apply in the present case and the District Court incorrectly ruled to the contrary.
I find no inconsistency between foreclosure by advertisement and sale under the Small Tract Financing Act of Montana (Act) and the judicial procedure for the foreclosure of mortgages on real property. The two are alternative remedies available to the lender after the borrower fails to pay according to the provisions of his note. Judicial mortgage foreclosure allows the lender to obtain a deficiency judgment against the borrower, and also allows the borrower a one year period in which to redeem. In contrast, foreclosure under the Act does not allow the lender to obtain a deficiency judgment. It eliminates the one year right of redemption for the borrower, while giving to the borrower a right to pay up all delinquencies and reinstate the obligation without payment of the entire balance of principal and interest as may be required following default under a normal note and real estate mortgage. I find the proceedings under the two types of foreclosure to be both logical and consistent.
The majority opinion points out that in various western states, protection is given to borrowers by fair market provisions which set mínimums which the lenders must bid on foreclosures. Some states also have various types of prohibitions against judicial foreclosure. These protections are contained in the statutes of the various western states. As I review the majority opinion I conclude that it contains an excellent argument for legislative modification of the Act. If I were in the legislature, I would tend to support such legislative modification. However, our obligation is to construe the statutes as now in existence.
We must recognize that the Act and in particular Section 71-1-304, MCA, with its provision for foreclosure by either judicial procedure or advertisement and sale, certainly was considered by the lenders of Montana as a part of all trust indenture financing. The Act plainly granted alternative foreclosure rights. The effect of the majority opinion is to modify all of the contracts between lenders and borrowers who have used trust indentures. This Court would not presume to eliminate a written remedy contained in an existing contract between a borrower and a lender. That would clearly be unjust. It is no more appropriate to eliminate judicial foreclosure and a right to a deficiency judgment when those were conditions in existence at the time of the making of the contracts. The majority ig *66 ñores the reality of the promise to pay on the part of borrowers. The majority in effect has modified that promise by adding a provision which releases the borrowers from having to pay any more money where the value of the property has dropped below the balance due on the note. All of Montana is concerned with the losses taking place because of the reduction in the values of homes and land in Montana. However, I can find no basis for requiring the lenders to assume all of that loss without some appropriate prior warning.
In eliminating the statutory right of judicial foreclosure with its companion right to a default judgment, the majority opinion has decreed an unjust taking of a valuable property right from every lender in Montana who has used trust indentures. This Court should enforce the plain meaning of the statutes and leave to the legislature changes in the Act. I would reverse the District Court.
MR. JUSTICE GULBRANDSON joins in the foregoing dissent.