JUSTICE LEAPHART,
dissenting.
I concur with the Court’s holding in issues one and two, and specially concur in issue four. However, I dissent from our holding in issue number three that § 25-9-303(1), MCA, provides an alternative method for filing a judgment of a Montana Federal District Court in a Montana State Court in addition to the procedure provided for in the Uniform Enforcement of Foreign Judgments Act, §§ 25-9-501 through -508, MCA. Section 25-9-303(1), MCA, predates the Uniform Act. It provides that a foreign judgment may be filed in Montana State Court by the filing of a “transcript of the original docket of a judgment.” The Uniform Act, passed in 1989, provides that a foreign judgment is filed in Montana State Court by the filing of an authenticated copy of the foreign judgment with the clerk of the district court. Section 25-9-503, MCA. Thus, § 25-9-303(1), MCA, conflicts with the Uniform Act requirement that an authenticated copy of the judgment be filed. I would hold that the Uniform Act impliedly repeals the inconsistent provisions of the prior law.
Generally, repeal by implication is not favored unless the statutes in question are irreconcilable. W.R. Grace & Co. v. Department of Revenue (1989), 238 Mont. 439, 450, 779 P.2d 470, 476, cert. denied, 493 U.S. 1094, 110 S.Ct. 1169, 107 L.Ed.2d 1071 (1990); Montana Power Co. v. Public Serv. Comm’n (1984), 214 Mont. 82, 93, 692 P.2d 432, 437-38; State ex rel. Sol v. Bakker (1982), 199 Mont. 385, 392, 649 P.2d 456, 460. However, such repeal is necessary if the statutes are irreconcilable and if repeal will give effect to the obvious legislative intent expressed in passing the newer and more comprehensive act. State v. Carisch Theatres, Inc. (1977), 172 Mont. 453, 458, 564 P.2d 1316, 1319.
In many instances, this Court has held that the passage of comprehensive uniform legislation repeals conflicting provisions of ear *324 lier law. See, e.g., In re Holmes (1979), 183 Mont. 290, 298, 599 P.2d 344, 348 (holding that the Uniform Probate Code impliedly repealed the Mortmain Statute); Carisch Theatres, 564 P.2d at 1319 (holding that a comprehensive movie theater licensing act impliedly repealed an earlier conflicting licensing scheme); State v. Langan (1968), 151 Mont. 558, 564, 445 P.2d 565, 569 (holding that the Uniform Drug Act superseded prior search and seizure statutes).
Montana is not alone in following this rule of statutory construction. See Peter v. State (Alaska 1975), 531 P.2d 1263; Dairyland Ins. Co. v. Rose (N.M. 1979), 591 P.2d 281, 284; Rivera v. District Court (Okla. 1993), 851 P.2d 524, 527. In Peter, the Supreme Court of Alaska held that the Uniform Alcoholism and Intoxication Treatment Act repealed by implication an earlier statute prohibiting a person from being intoxicated while upon or along a highway. Peter, 531 P.2d 1263. The Peter court recognized two categories of repeal by implication:
There are two well-settled categories of repeals by implication: (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act.
Peter, 531 P.2d at 1267 (citations omitted).
Both rationales apply to the instant case. First, § 25-9-503, MCA, establishes a new and different method of filing a foreign judgment; an authenticated copy of the judgment as opposed to a transcript of the original docket pursuant to § 25-9-303(1), MCA. It only makes sense that there should be just one acceptable method of filing foreign judgments, otherwise there was no point to the passage of the Uniform Act. The Uniform Act and § 25-9-303(1), MCA, are irreconcilable, therefore § 25-9-503, MCA, impliedly repeals § 25-9-303(1), MCA.
Second, as a Uniform Act, the Uniform Enforcement of Foreign Judgments Act covers the whole subject area and was clearly intended as a substitute. Repeal by implication is particularly compelling in the case of a subsequent Uniform Act because one of the primary purposes in adopting a Uniform Act is to bring the law of the State of Montana into conformity with the laws of the other states adopting the same Uniform Act. See, e.g., §§ 25-9-508, 25-9-609, 25-9-715, MCA.
The Uniform Enforcement of Judgments Act does provide for an “optional procedure” whereby a judgment creditor’s right to bring an *325 action to enforce his judgment instead of proceeding under the Uniform Act “remains unimpaired.” Section 25-9-507, MCA. Significantly, the Uniform Act does not provide that the prior provision allowing the filing of a transcript pursuant to § 25-9-303(1), MCA, remains unimpaired as an option. The Court, in allowing the bank to pick and choose between compliance with the Uniform Act and the conflicting provisions of § 25-9-303(1), MCA, has defeated the whole goal of uniformity as set forth in § 25-9-508, MCA.
I conclude that the District Court erred in finding that the Bank was not required to follow the Uniform Act in registering the judgment in Montana State District Court.
JUSTICE TRIEWEILER joins in the foregoing dissent of Justice W. William Leaphart.